IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Anthony Mays et al., | ) | Case No. 20-cv-2134 |
| Plaintiffs, | ) ) ) | Hon. Matthew F. Kennelly, in his capacity as Emergency Judge |
| v. | ) ) | Hon. Robert W. Gettleman, |
| Thomas J. Dart, Sheriff of Cook County, | ) ) ) | District Court Judge |
| Defendant. | ) ) ) | Hon. M. David Weisman, Magistrate Judge |

**BRIEF OF *AMICUS CURIAE* CITY OF CHICAGO IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION**

The City of Chicago submits this *amicus curiae* brief because the relief sought by Plaintiffs threatens to consume the resources of the City and endanger the health of its residents. Plaintiffs request an order that would categorically and immediately release all detainees at Cook County Jail with one of dozens of "vulnerabilities" that allegedly increase detainees' susceptibility to COVID-19. The City shares Plaintiffs' concern for the safety of the detainees and staff at Cook County Jail. Indeed, the Chicago Department of Public Health has worked closely with the Sherriff's Office and medical staff at the Jail in responding to the pandemic. Among other measures, the Department of Public Health has conducted on-site review at the Jail, recommended strategies for minimizing the risk of infection, and provided tens of thousands of pieces of personal protective equipment.

Determining whether detainees can be safely released from Cook County Jail, however, requires individual review to protect the rights of the City, its residents, and detainees themselves. Plaintiffs' request fails to accomplish these critical goals.

1

First, we can all agree that no one should be incarcerated if they are not a flight risk or a danger to the community, and never simply because they lack the ability to pay cash bail.

However, Plaintiffs' request for categorical release places Chicago residents at an increased risk of being the victims of serious crimes. Plaintiffs make no attempt to distinguish among detainees based on the nature of their offenses. It is one thing to release detainees charged with non-violent offenses—and given recent criminal justice reform measures, fewer and fewer non-violent defendants are detained at Cook County Jail. But Cook County Jail continues to house many violent detainees who have been charged with serious crimes, such as murder, sexual assault, and violence against children. If released, the overwhelming majority of these detainees will likely return to Chicago. Yet Plaintiffs ask the Court to release detainees without any individualized assessment into their risk of flight or danger to the community. That request fails to respect the rights of Chicago residents who would live among released detainees.

Second, Plaintiffs' request threatens to consume even more scarce resources of the Chicago Police Department. Police are already on the front lines dealing with issues caused by the pandemic. Plaintiffs' proposal threatens to divert critical police resources to respond to alleged crimes committed by released detainees. To make matters worse, Plaintiffs' request gives Chicago police no advance notice about which detainees will be released or where those detainees will reside upon release—critical facts for police to help protect City residents.

Third, Plaintiffs' request endangers the health of City residents and employees. Diagnosing COVID-19 requires individualized medical review. But under Plaintiffs' proposal for immediate release, the Sheriff would not have the opportunity to provide the medical screening that is currently part of the Sheriff's protocol. Detainees could then return to their communities unaware of their COVID-19 status, potentially infecting City residents as well as police officers and other

City employees. If detainees were screened before release and diagnosed with COVID-19, by contrast, the City has many resources available to ensure that detainees would be stepping into a public health safety net. This would include helping detainees properly isolate themselves and thereby reduce the risk of spreading the disease within the City at a time when containment of the virus is paramount. Indeed, the City's Department of Public Health has been working with the Sheriff to help released detainees get services and do not fall through the cracks, endangering themselves or others.

Fourth, Plaintiffs' request for immediate release reduces the likelihood that detainees will successfully transition to life outside Cook County Jail. For example, Plaintiffs' proposal makes no attempt to ensure that released detainees have a stable home to which they can return. Some detainees may consequently experience homelessness upon their release, expanding the numbers of a particularly vulnerable community at a time when the City has been working tirelessly to provide supports to this population and reduce the spread of the virus. Moreover, if detainees must be immediately released, then they may lose the same access that they currently have to medical care, both for any exposure to the virus and for the other ailments from which they allegedly suffer.

In short, Plaintiffs' requested relief imposes substantial costs and risks on the City and its residents. These risks are unnecessary because, as the Sheriff explains, the Circuit Court of Cook County has established a process by which detainees at the Jail can be individually reviewed to determine whether they are suitable candidates for release. The City therefore respectfully requests that the Court deny Plaintiffs' motion for an order requiring the immediate and categorical release of certain detainees at Cook County Jail and compel Plaintiffs instead to seek relief through the process already established by the Presiding Judge of the Criminal Court.

Dated: April 8, 2020                     Respectfully submitted,

By: /s/ Mark A. Flessner
Mark A. Flessner
  Corporation Counsel
Stephen J. Kane
  Deputy Corporation Counsel
City of Chicago Department of Law
121 North LaSalle Street, Room 600
Chicago, Illinois 60602
Tel:    312-744-0220
Fax:    312-744-5185
mark.flessner@cityofchicago.org
stephen.kane@cityofchicago.org

## CERTIFICATE OF SERVICE

I certify that on April 8, 2020, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of Illinois using the Court's CM/ECF system, which will automatically send notification of this filing to all counsel of record.

/s/ Stephen J. Kane