# GROUP EXHIBIT D

**Affidavit of Elizabeth Corrado For Bryant Blake**

My name is Elizabeth Corrado. I am a Volunteer Investigator at the Chicago Community Bond Fund, assisting Plaintiffs' counsel in *Mays v. Dart*. On April 14, I spoke to Bryant Blake, a detainee in the Cook County Jail, who provided me the following information.

1. Mr. Blake is 51 years old. He is residing in Division 11 (**Div11-BF-310-1**) of the Cook County Jail. He is incarcerated on $100,000 bond that he cannot afford to pay. He has been in the Jail since February 29, 2020.

2. Mr. Blake was residing in quarantine until April 12. His previous roommate contracted COVID-19, at which point he was moved from a double cell to a single cell. Mr. Blake asked to be tested after his cellmate tested positive, but he did not receive a test.

3. Mr. Blake has a spinal and neck injury. He is supposed to receive bilateral facial injections because of the injury but he has not been receiving them.

4. Social distancing is not possible in the Jail. The detainees in Mr. Blake's tier share showers, toilets and sinks. They share 12 tables in the dayroom, and phones, which are under 2 feet apart.

5. Mr. Blake has access to soap but not hand sanitizer. He does not have access to cleaning supplies for his cell and it does not get cleaned regularly.

6. Mr. Blake received a mask for the first time on April 12.

7. Mr. Blake has written multiple grievances since the pandemic started, including one asking for a COVID-19 test after his cellmate tested positive. He has not seen a counselor to submit the grievances.

I am providing this hearsay declaration because of restrictions on visitors and contact with detainees in the Cook County Jail. I declare under penalty of perjury that the foregoing is true and correct.

April 14, 2020                     /s/ Elizabeth Corrado
Chicago, Illinois                  Elizabeth Corrado

**Affidavit of Elizabeth Corrado For Kevin Watson**

My name is Elizabeth Corrado. I am a Volunteer Investigator at the Chicago Community Bond Fund, assisting Plaintiffs' counsel in *Mays v. Dart*. On April 14, I spoke to Kevin Watson, a detainee in the Cook County Jail, who provided me the following information.

1. Mr. Watson is 35 years old. He is residing in Division 11 (**Div11-AH-401-1**) of the Cook County Jail. He is incarcerated on a no bond order. He was booked in the Jail on August 24, 2019.

2. Mr. Watson is HIV-positive and he has a hernia.

3. Mr. Watson's deck went on quarantine on April 14. The deck across from his is also on quarantine (after three people tested positive). Four people from the deck across from Mr. Watson's were moved to his deck on April 13. One of those people had a fever, and he was then moved to Division 4. Mr. Watson's deck first had their temperatures taken on April 14. A nurse told him that if it was 102 degrees or over, it was a symptom of COVID.

4. Because they are on quarantine, people on Mr. Watson's deck are only allowed out of their cells for 2.5 hours total in a day, 6 people at a time.

5. Everyone on the deck shares showers, sinks and toilets.

6. Mr. Watson has filed two grievances related to COVID but has not received a response.

I am providing this hearsay declaration because of restrictions on visitors and contact with detainees in the Cook County Jail. I declare under penalty of perjury that the foregoing is true and correct.

April 14, 2020　　　　　　　　　　/s/ Elizabeth Corrado
Chicago, Illinois　　　　　　　　　Elizabeth Corrado

**Affidavit of Elizabeth Corrado on Behalf of Charles Bocock**

My name is Elizabeth Corrado. I am a volunteer investigator helping Plaintiffs' counsel in *Mays v. Dart*. On April 16, 2020, I spoke to Charles Bocock, who is a detainee in the Cook County Jail.

1. Charles Bocock was transferred to Division 4 on April 15.

2. His unit experienced flooding and has been closed for a while. A lot of the toilets and sinks don't work.

3. There is no heat on the Division 4 tier.

4. Detainees were told not to drink the water coming from the taps. A cooler was brought in and placed in the day room, but detainees are only allowed in the day room for a few hours each day.

5. The plumbing is broken in most of the cells so it's impossible to wash hands.

6. He has not seen cleaning supplies. Whereas in Division 6 (his origin division) the COs had spray bottles to disinfect things, none of the guards here do.

7. Some guards placed duct tape and sprayed paint on the floor and said it had something to do with social distancing, but didn't explained how it works, and haven't enforced it.

8. Detainees have no cleaning cloths in Division 4, so they have ripped apart towels of detainees who have been discharged.

9. A person in Division 6 who was in the kitchen tested positive for COVID-19 and went to Stroger.

I am providing this hearsay declaration because of restrictions on visitors and contact with detainees in the Cook County Jail. I declare under penalty of perjury that the foregoing is true and correct.

April 19, 2020            /s/ Elizabeth Corrado  
Chicago, Illinois            Elizabeth Corrado

**Affidavit of Jason Hammond For Javier Montanez**

My name is Jason Hammond. I am a Volunteer Investigator at the Chicago Community Bond Fund, assisting Plaintiffs' counsel in *Mays v. Dart*. On April 16, I spoke to Javier Montanez, a detainee in the Cook County Jail, who provided me the following information.

1. Mr. Montanez is 52 years old. He is residing in Division 6 (**DIV6-1L-21-2**) of the Cook County Jail. He is incarcerated on a no bond order. He has been in the Jail since March 29, 2019.

2. Mr. Montanez has Hepatitis C and high blood pressure. He is supposed to be receiving blood draws every three weeks because of his Hepatitis. Mr. Montanez has not been receiving the draws, and he was told that medical was shut down.

3. The entire division is on lockdown/quarantine. Mr. Montanez is let out of his cell 6 hours per day, and locked in for 18 hours per day. 12 people ae allowed in the dayroom at a time.

4. Everyone shares the dayroom bathroom, as well as general showers and toilets. People share dayroom tables, three phones and a single microwave.

5. Mr. Montanez receives soap but not hand sanitizer. Cells are never cleaned and the common areas only get cleaned with watered down bleach.

6. About a week ago, detainees started receiving one mask per day.

7. Nobody in Mr. Montanez's tier has been tested for COVID-19.

8. Mr. Montanez submitted a grievance about COVID two weeks ago (April 2) but has not received a response. He also wrote to a person at Cermak about his complaint but did not receive a response.

I am providing this hearsay declaration because of restrictions on visitors and contact with detainees in the Cook County Jail. I declare under penalty of perjury that the foregoing is true and correct.

April 14, 2020                /s/ Jason Hammond
Chicago, Illinois               Jason Hammond

**Affidavit of Jason Hammond For Jeffrey Ferguson**

My name is Jason Hammond. I am a Volunteer Investigator at the Chicago Community Bond Fund, assisting Plaintiffs' counsel in *Mays v. Dart*. On April 16, I spoke to Jeffrey Ferguson, a detainee in the Cook County Jail, who provided me the following information.

1. Mr. Ferguson is 42 years old. He is residing in Division 2 (**DIV2-D2-N-23**) of the Cook County Jail. He is incarcerated on a no bond order. He was booked in the Jail on January 22, 2018.

2. Mr. Ferguson has chronic mental health issues, including mania and psychosis, as well as high blood pressure.

3. Mr. Ferguson is living in an open dormitory, which is on quarantine. It is a working deck, and kitchen workers reside there.

4. Everyone on the deck shares a toilet, shower and sinks. The beds are 2-3 feet from one another. The detainees all share telephones, which are two feet apart, as well as tables for eating and one microwave that is shared with another unit as well.

5. Mr. Ferguson receives soap but rarely hand sanitizer. The bathrooms are very dirty as no one monitors that they get cleaned.

6. On April 12, all detainees in his unit started receiving a mask per day.

7. Some people on the deck have had serious COVID symptoms, and they were removed. On April 7, one person was brought in to the deck right after being booked, even though the deck was on quarantine.

8. Mr. Ferguson has had symptoms of COVID for about a week. He has asked twice to be tested but has still not received a test. Jail staff just started checking temperatures on April 13.

9. On April 12, Mr. Ferguson put duct tape down in the dayroom to remind detainees to social distance. But guards are making jokes about breaking compliance, and showing disregard for detainees' health and inability to social distance.

10. On April 2, Mr. Ferguson tried to submit a health grievance. But there is no system for submitting grievances. The Jail is not giving out forms or receipts or signatures or any records that the Jail is receiving or processing grievances.

I am providing this hearsay declaration because of restrictions on visitors and contact with detainees in the Cook County Jail. I declare under penalty of perjury that the foregoing is true and correct.

April 16, 2020  /s/ Jason Hammond
Chicago, Illinois  Jason Hammond

**Affidavit of Jason Hammond on Behalf of Jalessa Boner for Dominick Wing**

My name is Jason Hammond. I am a Volunteer Investigator at the Chicago Community Bond Fund, assisting Plaintiffs' counsel in *Mays v. Dart*. On April 14, I spoke to Jalessa Boner about Dominick Wing, a detainee in the Cook County Jail, who provided me the following information.

1. Mr. Wing is 27 years old. He is residing in Division 9 (**DIV9-2B-2302-1**) of the Cook County Jail. He is incarcerated on a no bond order. He has been in the Jail since September 6, 2019.

2. Mr. Wing has asthma. He is currently out of medicine. Nurses have been ignoring his requests for asthma medicine for months.

3. Mr. Wing is residing in a two person cell in Division 9, with another person, who is sleeping four feet away from him. His tier is not on lockdown. 48 other people are on the tier.

4. Social distancing is not possible in the tier. People share the dayroom toilets, Mr. Wing shares a cell, and everyone shares the phones, which are two feet apart.

5. Mr. Wing does not have access to soap or hand sanitizer. Mr. Wing requested soap through Commissary but it was never delivered. He has no access to cleaning supplies.

6. Mr. Wing has not received a mask.

7. Mr. Wing filed a grievance asking for a COVID-19 test. He has not received a response.

I am providing this hearsay declaration because of restrictions on visitors and contact with detainees in the Cook County Jail. I declare under penalty of perjury that the foregoing is true and correct.

April 14, 2020  /s/ Jason Hammond
Chicago, Illinois  Jason Hammond

**Affidavit of Jason Hammond on Behalf of Lamonte Powell**

My name is Jason Hammond. I am a volunteer investigator at the Chicago Community Bond Fund, helping Plaintiffs' counsel in *Mays v. Dart*. On April 18, 2020, I spoke to Lamonte Powell, who is a detainee in the Cook County Jail.

1. Lamonte Powell is housed in Division 11 on a $10,000 bond.

2. He is in a single cell. There are 12 people allowed out on his dayroom at a time.

3. Soap is available in the commissary but he has not received free soap.

4. Detainees are provided with hand sanitizer once a day, in the morning.

5. There is no cleaning of the cells, which is very worrisome; he does not know whether someone previously occupying had symptoms.

6. The common areas are cleaned every other day by 6 or 7 inmates from Division 11. They do a thorough job but the bleach is watered down.

7. He often sees guards with their masks off.

I am providing this hearsay declaration because of restrictions on visitors and contact with detainees in the Cook County Jail. I declare under penalty of perjury that the foregoing is true and correct.

April 18, 2020  /s/ Jason Hammond
Chicago, Illinois  Jason Hammond

**Affidavit of Kara Crutcher For Dante McGee**

My name is Kara Crutcher. I am a Volunteer Investigator at the Chicago Community Bond Fund, assisting Plaintiffs' counsel in *Mays v. Dart*. On April 14, I spoke to Dante McGee, a detainee in the Cook County Jail, who provided me the following information.

1. Mr. McGee is 58 years old. At the time of the conversation, Dante McGee was residing in Division 4 of the Cook County Jail. According to the Sheriff's website, he is now in the Hospital wing of the Jail. He is incarcerated on a $30,000 bond he cannot afford to pay. He has been in the Jail since October 16, 2019.

2. While in Division 4, Mr. McGee lived with 24 other people. 12 people were left out of their cells at a time. They shared showers and sinks. They shared phones.

3. Mr. McGee receives small bars of soap. He does not have access to hand sanitizer or clean towels and wipes for cleaning. Mr. McGee's cell in Division 4 was not cleaned.

4. Mr. McGee lived in Division 8 before Division 4. While there, he shared a cell with someone who tested positive.

5. Mr. McGee filed two grievances about the danger of COVID-19 in the Jail but never heard back.

I am providing this hearsay declaration because of restrictions on visitors and contact with detainees in the Cook County Jail. I declare under penalty of perjury that the foregoing is true and correct.

April 14, 2020              /s/ Kara Crutcher
Chicago, Illinois            Kara Crutcher

**Affidavit of Kara Crutcher For Eric Blake**

My name is Kara Crutcher. I am a Volunteer Investigator at the Chicago Community Bond Fund, assisting Plaintiffs' counsel in *Mays v. Dart*. On April 14, I spoke to Bryant Blake, a detainee in the Cook County Jail, who provided me the following information.

1. Mr. Blake is 25 years old. He is residing in Division 10 (**DIV10-2A-2120-2)** of the Cook County Jail. He is incarcerated on a no bond order. He has been in the Jail since April 20, 2018.

2. Mr. Blake was residing in a double cell until April 12, when he was moved into a single cell. He is not in quarantine.

3. Social distancing is not practical. Half of the tier (24 people) come out of their cell, for 2.5 hours at a time. The people on his tier share sinks, showers, and toilets. They also share 12 tables in the common area and four phones.

4. People in the division have symptoms of dry throat, inability to breathe and fevers, but they were tested after telling staff they were sick.

5. One person was removed from the tier because he was sick. No one who was exposed to that man was tested for COVID-19.

6. Mr. Blake receives a hotel bar of soap, once a week. No one comes to clean his cell. Mr. Blake uses soap he bought in Commissary to clean his cell.

7. Detainees are receiving masks but not on a regular basis.

8. Mr. Blake put in one grievance for medical treatment because nurses have not been coming around for medical treatment. Mr. Blake gave the grievance to CO Sanders and has not heard anything.

9. Usually detainees give grievances to the social workers. But no social workers are allowed in the tier, so the grievances are disappearing.

I am providing this hearsay declaration because of restrictions on visitors and contact with detainees in the Cook County Jail. I declare under penalty of perjury that the foregoing is true and correct.

April 14, 2020  /s/ Kara Crutcher
Chicago, Illinois  Kara Crutcher

**Affidavit of Laura Stempel on Behalf of Deon Baker**

My name is Laura Stempel. I am a volunteer investigator at the Chicago Community Bond Fund, helping Plaintiffs' counsel in *Mays v. Dart*. On April 18, 2020, I spoke to Deon Baker, who is a detainee in the Cook County Jail.

1. Deon Baker has asthma. He was housed in Division 11 but was recently moved to Division 4.

2. It appears that his unit has not been used for several years. Everything is filthy. The detainees were not given anything to clean their unit.

3. The sinks in the unit are rusted out and the water is the color of rust. The jail has provided a water cooler but it's only accessible when staff make it available.

4. The unit has no heat and during this cold spell it has been extremely cold inside

I am providing this hearsay declaration because of restrictions on visitors and contact with detainees in the Cook County Jail. I declare under penalty of perjury that the foregoing is true and correct.

April 18, 2020  /s/ Laura Stempel
Chicago, Illinois  Laura Stempel

**Affidavit of Laura Stempel on Behalf of Michael Jorgensen**

My name is Laura Stempel. I am a Volunteer Investigator at the Chicago Community Bond Fund, assisting Plaintiffs' counsel in *Mays v. Dart*. On April 14, I spoke to Michael Jorgensen, a detainee in the Cook County Jail, who provided me the following information.

1. Mr. Jorgensen is 31 years old. He is residing in Division 10 (**DIV10-2A-2106-2**) of the Cook County Jail. He is incarcerated on a no bond order. He has been in the Jail since February 16, 2018.

2. Mr. Jorgensen is residing in quarantine.

3. Mr. Jorgensen has had COVID-19 symptoms (cough, difficulty breathing) for some days. He did not receive care until he began vomiting blood. At that point he was put in isolation for five days and given antibiotics. He was unable to get tested.

4. Mr. Jorgensen filed a grievance asking for a COVID-19 test. He has not received a response.

I am providing this hearsay declaration because of restrictions on visitors and contact with detainees in the Cook County Jail. I declare under penalty of perjury that the foregoing is true and correct.

April 14, 2020 /s/ Laura Stempel
Chicago, Illinois Laura Stempel

**Affidavit of Sam Goldberg on Behalf of Isaac Correcillias-Correa**

My name is Sam Goldberg. I am a volunteer investigator at the Chicago Community Bond Fund, helping Plaintiffs' counsel in *Mays v. Dart*. On April 17, 2020, I spoke to Isaac Correcillias-Correa, who is a detainee in the Cook County Jail.

1. Isaac Correcillias-Correa is housed in Division 2, in a dorm setting.

2. There are about 150 people in the dorm. On April 16, they moved another 50 or so people to the dorm.

3. His bunk is close to others.

4. When eating the detainees use a common area. They have to sit picnic-bench style; social distancing is impossible in this setting.

5. Two bars of soap are given out each week but they are not enough to last a week. They would last two days if you were washing your hands after contact with other people.

6. The area is cleaned once per day by inmates.

7. Lots of people on the deck don't feel well, but they aren't tested. Some are removed, but the Jail does not disinfect the area near them. New people are moved in and they are given the removed detainee's sheets.

8. There is no cleaning of the detainee phones between calls.

9. More than half the guards use masks, but many don't use them.

I am providing this hearsay declaration because of restrictions on visitors and contact with detainees in the Cook County Jail. I declare under penalty of perjury that the foregoing is true and correct.

April 18, 2020            /s/ Sam Goldberg
Chicago, Illinois           Sam Goldberg

**Affidavit of Sam Goldberg on Behalf of Joshua Barbee**

My name is Sam Goldberg. I am a volunteer investigator at the Chicago Community Bond Fund, helping Plaintiffs' counsel in *Mays v. Dart*. On April 17, 2020, I spoke to Joshua Barbee, who is a detainee in the Cook County Jail.

1. Joshua Barbee is housed in Division 6, in a tier setting.

2. Mr. Barbee was single-celled until the morning of April 17, when another detainee was placed in his cell.

3. Detainees are given two bars of soap per week, size of a hotel soap bar. It is not enough to last the week. You can ask a guard for more soap, but only some guards will give it to you.

4. There is no cleaning of the phones between uses.

5. There is one bottle of disinfectant on the tier, it's not enough to disinfect surfaces because it's for everything.

6. Guards wear masks for the most part, but some don't.

I am providing this hearsay declaration because of restrictions on visitors and contact with detainees in the Cook County Jail. I declare under penalty of perjury that the foregoing is true and correct.

April 19, 2020           /s/ Sam Goldberg
Chicago, Illinois          Sam Goldberg