# GROUP EXHIBIT D

**Affidavit of Brendan Mohr for Tyrone Alderson**

My name is Brendan Mohr. I am a Volunteer Investigator at the Chicago Community Bond Fund, assisting Plaintiffs' counsel in *Mays v. Dart*. On April 20, I spoke to Tyrone Alderson, a detainee in the Cook County Jail, who provided me the following information.

1. Mr. Alderson is 50 years old. He is residing in a dorm in Division 2 (**DIV2-D4-QL-7**) of the Cook County Jail. He is incarcerated on a $50,000 bond order that he cannot afford to pay. He was booked in the Jail on October 17, 2017.

2. Mr. Alderson has many health conditions. He had surgery for throat cancer (he is currently in remission after having his glands removed), and suffers from diabetes and prostate issues. He is taking medication for arthritis, and he was supposed to get a MRI for injuries sustained in an attack in jail. He also has a back and neck injury and a vitamin deficiency.

3. There are many people in the dorm. Social distancing is impossible in the Jail. Mr. Alderson eats on his bed because there are too many people in the common areas. Only one shower in the dorm is working and only two out of four toilets are working. The shared toilets are very close together.

4. Mr. Alderson has had symptoms of COVID including a fever and a cough. But no one will give him a coronavirus test. Others on his tier have had symptoms but have not gotten tests when they asked.

5. The conditions in the dorm are very poor. The roof is leaking, and there is standing water and mold. People are very scared and the mood is tense.

6. Conditions are getting worse. More people are being brought in to the dorm.

I am providing this hearsay declaration because of restrictions on visitors and contact with detainees in the Cook County Jail. I declare under penalty of perjury that the foregoing is true and correct.

April 20, 2020         /s/ Brendan Mohr
Chicago, Illinois      Brendan Mohr

## Affidavit of Charlie McKeown for Lenall McDonald

My name is Charlie McKeown. I am a Volunteer Investigator at the Chicago Community Bond Fund, assisting Plaintiffs' counsel in *Mays v. Dart*. On April 29, I spoke to Lenall McDonald, a detainee in the Cook County Jail, who provided me the following information.

1. Mr. McDonald is 28 years old. He is residing in a dorm in Division 8 (**DIV08-4F-D4**) of the Cook County Jail. He is incarcerated on a no bond order. He was booked in the Jail on January 21, 2020.

2. Mr. McDonald has asthma and uses an inhaler. He also suffers from anxiety and takes pain medication for gunshot wounds.

3. His dorm is full. There are 40 people living in his dorm and social distancing is not possible. People eat sitting elbow to elbow.

4. There was an outbreak of COVID in 4G, across the hall from his dorm. 12 people in that unit tested positive. After that outbreak, detainees in 4G were moved into 4F, with Mr. McDonald.

5. Security problems have happened when the guards tried to bring new guys into the tier who had not isolated. That almost caused a riot.

6. Detainees are responsible for cleaning the dorm but they have not received adequate supplies.

I am providing this hearsay declaration because of restrictions on visitors and contact with detainees in the Cook County Jail. I declare under penalty of perjury that the foregoing is true and correct.

April 29, 2020　　　　　　　　　/s/ Charlie McKeown  
Chicago, Illinois　　　　　　　　Charlie McKeown

**Affidavit of Charlie McKeown on Behalf of Esther Bravo for Cesar Bravo**

My name is Charlie McKeown. I am a volunteer investigator at the Chicago Community Bond Fund assisting Plaintiffs' counsel in *Mays v. Dart*. On April 30, 2020, I spoke to Esther Bravo, who provided me the following information about Cesar Bravo, her brother, who is a detainee in the Cook County Jail.

1. Mr. Bravo is 42 years old. He has been in the Cook County Jail since December 20, 2019, and resides in Division 5 (**DIV5-1A-14-1**) of the Jail.

2. From April 10 to April 20, 2020, Mr. Bravo was housed in a Residential Treatment Unit ("RTU") of the Jail.

3. Social distancing is not possible in the RTU. The RTU is a dormitory setting where the beds are 3 feet apart and detainees share sinks, toilets and showers.

4. Mr. Bravo was in close proximity to individuals sick with COVID-19 while in the RTU, and as such requested personal protective equipment ("PPE") many times.

5. Mr. Bravo did not receive any PPE in response to his numerous requests until April 20. Beginning April 10, Mr. Bravo sought to file a grievance or his lack of PPE but was denied grievance forms every day for 21 days until he finally received a form on May 1. By that time, the 15 day window in which detainees are required to file a grievance had passed.

6. Mr. Bravo has been in quarantine since April 26, when someone on his tier tested positive for COVID-19. This housing unit had been previously used for quarantine. Unfortunately the unit was not cleaned or sanitized when Mr. Bravo and his fellow detainees were moved in.

7. 6 detainees in Mr. Bravo's unit have since tested positive for COVID-19, all of which were housed in the RTU with Mr. Bravo and were moved to the new housing unit at the same time. Of the 16 people remaining in Mr. Bravo's unit, only 2 have been tested.

8. Mr. Bravo has consistently requested to be tested for COVID-19 but has been denied.

I am providing this hearsay declaration because of restrictions on visitors and contact with detainees in the Cook County Jail. I declare under penalty of perjury that the foregoing is true and correct.

May 5, 2020　　　　　　　　/s/ Charlie McKeown
Chicago, Illinois　　　　　　　Charlie McKeown

**Affidavit of Christina Lorenzo For Heriberto Campos**

My name is Christina Lorenzo. I am the Intake Coordinator at the Chicago Community Bond Fund, assisting Plaintiffs' counsel in *Mays v. Dart*. On April 24, I spoke to Heriberto Campos, a detainee in the Cook County Jail, who provided me the following information. Updated information was also received on May 1.

1. Mr. Campos is 32 years old. He is residing in Division 2, Dorm 4 of the Cook County Jail. He has been in the dorm since April 23. He is incarcerated on a $100,000 bond order he cannot afford to pay. His bond review motion was recently denied because he had tested positive for COVID. He was booked in the Jail on October 1, 2019.

2. Mr. Campos got sick with coronavirus on March 21, at which time he was moved to Cermak for seven days. He had no soap or water to use in Cermak, and it was very cold. There was lots of trash piled up in Cermak because there was no one picking it up. After Cermak, he was moved to Division 8, and then to the boot camp for recovery, and then to Division 2, Dorm 4.

3. Prior to getting sick, Mr. Campos was in charge of sanitation, and so he cleaned cells and bullpens of people who tested positive or who were newly arrived at the Jail. He did not receive a mask while doing this job.

4. In Division 2, Mr. Campos shares a shower, toilet and sinks with other detainees. There are 70 to 80 guys in the dorm. There is no social distancing in the dorm.

5. Mr. Campos experiences regular threats from other detainees because they know he tested positive for COVID.

6. The bathrooms in the dorm are filthy and the phones and tables are not cleaned regularly. The beds are 3 feet apart. Mr. Campos is sleeping on the bottom bunk, and someone else is sleeping on the top bunk. The bunks are not being cleaned.

7. Update on May 1: Mr. Campos' dorm was placed on quarantine after someone became sick and was rushed out. An ambulance took him away. Ambulances come to the Jail 2-3 times per day.

I am providing this hearsay declaration because of restrictions on visitors and contact with detainees in the Cook County Jail. I declare under penalty of perjury that the foregoing is true and correct.

May 1, 2020                                /s/ Christina Lorenzo
Chicago, Illinois                          Christina Lorenzo

**Affidavit of Kara Crutcher for Jermaine Williams**

My name is Kara Crutcher. I am a Volunteer Investigator at the Chicago Community Bond Fund, assisting Plaintiffs' counsel in *Mays v. Dart*. On April 29, I spoke to Jermaine Williams, a detainee in the Cook County Jail, who provided me the following information.

1. Mr. Williams is 27 years old. He is residing in Division 8, Dorm 4 of the Cook County Jail. He has been in the dorm for about 3 months. He is incarcerated on a no bond order. He was booked in the Jail on January 14, 2020.

2. Mr. Williams' dorm recently came off quarantine after two people tested positive on the tier.

3. Mr. Williams' dorm is packed. There is no social distancing. The beds are 6 feet apart. The detainees share 4 showers and 5 toilets. The phones are not being cleaned. They share 4-5 tables in the dayroom that are not being well cleaned.

4. When detainees are being moved around the Jail, they are handcuffed. These handcuffs are not being wiped down prior to use.

I am providing this hearsay declaration because of restrictions on visitors and contact with detainees in the Cook County Jail. I declare under penalty of perjury that the foregoing is true and correct.

April 29, 2020  /s/ Kara Crutcher
Chicago, Illinois  Kara Crutcher

**Affidavit of Elizabeth Corrado For Christopher Mansoori**

My name is Elizabeth Corrado. I am a Volunteer Investigator at the Chicago Community Bond Fund, assisting Plaintiffs' counsel in *Mays v. Dart*. On April 27, 2020, I spoke to Christopher Mansoori, a detainee in the Cook County Jail, who provided me the following information.

1. Mr. Mansoori 32 years old. He is currently residing in Division 2 (DIV2-D4-NL-1) of the Cook County Jail. He is incarcerated on a no bail, meaning he does not have a monetary bond he could post to get free. He has been in the Jail since October 7, 2019.

2. For most of his time in the Jail, Mr. Mansoori had been housed in Division 6. While in Division 6, Mr. Mansoori was housed in a cell with one other person, until March 28, when he was placed in a cell by himself. However, on April 16, Mr. Mansoori was moved to Dorm 2 of Division 2. Then on April 27, he was moved to Dorm 4 of Division 2. Both Dorm 2 and Dorm 4, as the name suggests, are dormitory-style living, with up to 100 or more men sleeping in a room together. He does not know why he was moved from a single-occupancy cell to a dorm setting.

3. His current dorm has close to 100 inmates packed together. Because of the crowded nature of the dorm, Mr. Mansoori cannot possibly socially distance from other inmates. Everyone can walk to whatever part of the dorm they choose, meaning he inevitable gets close to other people, even if he chooses to remain still.

4. The sink for hand washing consists of one big basin with many faucets near each other.

5. The dorm is very stuffy. The windows remain closed and there is no fresh air. Everyone breaths the same air.

6. Starting approximately March 30, while in Division 6, Mr. Mansoori had symptoms consistent with COVID-19, but was never tested. He was very low-energy, sleeping nearly all day for almost two weeks. He had no appetite. He lost his sense of taste. He had difficulty breathing. Despite complaining to staff, he was denied a COVID-19 test and denied the ability to file a grievance.

I am providing this hearsay declaration because of restrictions on visitors and contact with detainees in the Cook County Jail. I declare under penalty of perjury that the foregoing is true and correct.

May 6, 2020                                                                /s/ Elizabeth Corrado
Chicago, Illinois                                                          Elizabeth Corrado

**Affidavit of Elizabeth Corrado For Roberto Camarena-Chavez**

My name is Elizabeth Corrado. I am a Volunteer Investigator at the Chicago Community Bond Fund, assisting Plaintiffs' counsel in *Mays v. Dart*. On April 17, 2020, I spoke to Roberto Camarena-Chavez, a detainee in the Cook County Jail, who provided me the following information.

1. Mr. Camarena-Chavez is 44 years old. He is currently residing in Division 2 (Div2-D4-NL-47) of the Cook County Jail. He is incarcerated on $50,000 D-Bond that he cannot afford to pay. He has been in the Jail since February 14, 2020. On April 29, he was residing in a different bed in the same dorm (Div2-D4-NL-39).

2. Since early March, Mr. Camarena-Chavez has been housed in Dorm 4 of Division 2. In his dorm, nearly 100 men sleep together.

3. There are a set of phones just a foot apart from each other. All the phones are almost always being used. They are not cleaned between uses.

4. For two weeks, Mr. Camarena-Chavez had stomach pain. He was never able to see a doctor.

5. The dorm is currently labeled as under quarantine. Part of quarantine means, among other things, no working for inmates anymore and no laundry being done.

6. Mr. Camarena-Chavez had mild flu-like symptoms but his request to be tested for COVID-19 was denied. When he or others ask for a COVID-19 test, the Sheriff's Officers tell them there is no need.

I am providing this hearsay declaration because of restrictions on visitors and contact with detainees in the Cook County Jail. I declare under penalty of perjury that the foregoing is true and correct.

May 6, 2020 /s/ Elizabeth Corrado
Chicago, Illinois Elizabeth Corrado

**Affidavit of Elizabeth Corrado For Rogelio Villalobos**

My name is Elizabeth Corrado. I am a Volunteer Investigator at the Chicago Community Bond Fund, assisting Plaintiffs' counsel in *Mays v. Dart*. On April 17, 2020, I spoke to Rogelio Villalobos, a detainee in the Cook County Jail, who provided me the following information.

1. Mr. Villalobos is 28 years old. He is currently residing in Division 2 (Div2-D4-MU-46) of the Cook County Jail. He is incarcerated on $100,000 D-Bond that he cannot afford to pay. He has been in the Jail since February 16, 2019.

2. Since early March, Mr. Villalobos has been housed in Dorm 4 of Division 2. In his dorm, approximately 75 men sleep together.

3. The dorm is currently labeled as under quarantine. Inmates no longer see counselors and are not getting medical attention. There are a significant number of inmates in his Dorm who have runny noses and headaches, but none of them are receiving medical attention or getting tested for COVID-19.

4. Prior to the quarantine, Mr. Villalobos worked sanitation in the jail. He has not worked since his Dorm was put on quarantine.

5. It is impossible to social distance in his Dorm. There are 9 picnic-style tables in the common area for eating and relaxing. The tables are always full, where people sit right next to each other. In the bathrooms, there are compartments to shower, but the compartments are only 3 feet apart, and soap and water from other compartments splash together.

I am providing this hearsay declaration because of restrictions on visitors and contact with detainees in the Cook County Jail. I declare under penalty of perjury that the foregoing is true and correct.

May 6, 2020 /s/ Elizabeth Corrado
Chicago, Illinois Elizabeth Corrado

**Affidavit of Elizabeth Corrado For Tiron Washington**

My name is Elizabeth Corrado. I am a Volunteer Investigator at the Chicago Community Bond Fund, assisting Plaintiffs' counsel in *Mays v. Dart*. On April 29 and 30, 2020, I spoke to Tiron Washington, a detainee in the Cook County Jail, who provided me the following information.

1. Mr. Washington is 31 years old. He is currently residing in Division 2 (Div2-D4-MU-16) of the Cook County Jail. He is incarcerated on $100,000 bond that he cannot afford to pay. He has been in the Jail since February 14, 2020. On April 29, he was residing in a different bed in the same dorm (Div2-D4-NL-39).

2. On April 27, Mr. Washington was moved to Dorm 4 of Division 2, where he sleeps in a room with 70 other men, dormitory style.

3. While there is no one sleeping in the bed on either side of Mr. Washington, there is someone sleeping in a bed that abuts the foot of Mr. Washington's bed. Mr. Washington is close enough to be able reach out and touch that person's feet.

4. Inmates are given a mask to wear every other day, but some choose not to wear them. Anyone can wonder around any part of the dorm, so it is impossible to socially distance. For example, one of Mr. Washington's dormmates refuses to wear a mask, claiming he had recently been diagnosed with COVID-19. That same person also complained about shortness of breath and was still coughing. That person has on several occasions has walked up to and gotten near Mr. Washington. Despite his best efforts, Mr. Washington cannot remain 6 feet from his dormmates.

5. The telephone does not regularly get cleaned, and certainly not between each use.

6. One of the Cook County Sheriff employees, Sergeant Santiago, entered the dorm on April 30 with no mask and no gloves and told the inmates that he had been sick. He was getting close to inmates and yelling orders in their faces.

I am providing this hearsay declaration because of restrictions on visitors and contact with detainees in the Cook County Jail. I declare under penalty of perjury that the foregoing is true and correct.

May 6, 2020  /s/ Elizabeth Corrado
Chicago, Illinois  Elizabeth Corrado

**Affidavit of Janie Sanford on Behalf of Christina Rodriguez for Juan Rodriguez**

My name is Janie Sanford. I am a Paralegal with the Roderick & Solange MacArthur Justice Center assisting with the litigation of *Mays v. Dart*. On May 5, 2020, I spoke to Christina Rodriguez, who provided me the following information about Juan Rodriguez, her husband, who is a detainee in the Cook County Jail.

1. Mr. Rodriguez is 39 years old. He has been in the Cook County Jail since August 8, 2019, and is held on $75,000 bond he cannot afford to pay. Mr. Rodriguez was previously housed in Division 6, then moved to Division 8, but he currently resides in Division 16 (**DIV16-BC-B4-BB-1**) of the Jail, otherwise known as the "boot camp."

2. Mr. Rodriguez experiences epileptic seizures triggered by elevated body temperature, for which he is supposed to be receiving regular medication.

3. In the early morning hours of March 26, 2020, Mr. Rodriguez had a seizure while housed in Division 6. Mr. Rodriguez was taken to Cermak for evaluation and he was tested then for COVID-19, which came back negative.

4. Mr. Rodriguez was moved to Division 8 where he was housed with another detainee. In the early morning hours of March 28, 2020, Mr. Rodriguez suffered another seizure and fell off his bunk, injuring his hand and chipping three of his teeth in the process. He was tested for COVID-19 but not seen by a dentist or physician, and he filed a grievance.

5. On April 2, Mr. Rodriguez's cell-mate tested positive for COVID-19. On April 4, Mr. Rodriguez was moved to a different tier in Division 8. The following day he was sent to Cermak for an x-ray on his hand, during which time Mr. Rodriguez was informed he had tested positive for COVID-19. Mr. Rodriguez was moved to the Division 16 boot camp on April 5 where he has remained since.

6. Social distancing is not possible in the boot camp. The boot camp is a dorm setting where the beds are 3 feet apart, and 40-50 detainees live in the boot camp, with many moved in and out daily. The detainees in the boot camp share 1 microwave, 2 phones, 3 toilets and 5 showers.

7. Mr. Rodriguez keeps his bunk clean with bleach he personally purchased, but no other detainees have the supplies to clean their bunk. No Jail staff clean the boot camp, and Mr. Rodriguez uses a mask he made out of a sheet which he cleans daily by hand with his own supplies.

8. The Jail staff working in the boot camp do not always wear personal protective equipment ("PPE") and Mr. Rodriguez says that many guards are assuming they have COVID-19.

9. Mr. Rodriguez is still experiencing severe symptoms despite testing positive over one month ago. He has difficulty breathing and significant loss of appetite. Mr. Rodriguez forces himself to eat but is unable to keep anything down, including water, and as such is very dehydrated. He has observed blood in his stool and urine. Mr. Rodriguez has been given Tylenol and Pepto-Bismol for his symptoms.

10. Mr. Rodriguez said that he has not been receiving his seizure medication regularly, but that the nurses have started distributing medication to "keep detainees calm." Mr. Rodriguez has not been informed of the type of medication he is receiving.

I am providing this hearsay declaration because of restrictions on visitors and contact with detainees in the Cook County Jail. I declare under penalty of perjury that the foregoing is true and correct.

May 5, 2020　　　　　　　/s/ Janie Sanford
Chicago, Illinois　　　　　　Janie Sanford

**Affidavit of Jason Hammond for Vadarrien Knight**

My name is Jason Hammond.  I am a Volunteer Investigator at the Chicago Community Bond Fund, assisting Plaintiffs' counsel in *Mays v. Dart*. On April 28, I spoke to Vadarrien Knight, a detainee in the Cook County Jail, who provided me the following information.

1. Mr. Knight is 37 years old. He is residing in the RTU in Division 8 (DIV08-3D-D3) of the Cook County Jail. He is incarcerated on a no bond order. He was booked in the Jail on January 21, 2020.

2. He has been in Division 8 since April 25. He has a cellmate. Before being transferred to Division 8, he lived in Division 9.

3. Mr. Knight has a hernia. He also tested positive for COVID-19, and is on an isolation tier. However, there are other people in his tier who have tested negative for the virus.

4. Since coming to Division 8, Mr. Knight has not received free soap. The bathrooms have not been cleaned since his arrival. Instead the Jail leaves detergent for people to clean it themselves, but the bathrooms are not clean.

5. Social distancing is not possible because the detainees share the sinks and showers.

I am providing this hearsay declaration because of restrictions on visitors and contact with detainees in the Cook County Jail. I declare under penalty of perjury that the foregoing is true and correct.

April 28, 2020                                  /s/ Jason Hammond
Chicago, Illinois                               Jason Hammond

**Affidavit of Jason Hammond on Behalf of Deiel Reese**

My name is Jason Hammond. I am a volunteer investigator at the Chicago Community Bond Fund assisting Plaintiffs' counsel in *Mays v. Dart*. On May 4, I spoke to Deiel Reese, a detainee in the Cook County Jail, who provided me the following information.

1. Mr. Reese is 46 years old. He is residing in Division 8 (**DIV8-3S-3137-1**) of the Cook County Jail. He has been in the Jail since May 10, 2019.

2. Mr. Reese has chronic asthma and high blood pressure that requires regular checks.

3. As of April 17, 2020, Mr. Reese was residing in Division 6 of the Jail. He was taken from Division 6 to Cermak that day for a blood pressure check. After taking Mr. Reese's blood pressure, the nurse suggested that he be tested for COVID-19. Mr. Reese's results came back negative.

4. After Mr. Reese received his negative results, he was asked to take another COVID-19 test. Mr. Reese refused, and 4 correctional officers held him down and re-tested him through a swab up his nose. Mr. Reese began to cry and he observed blood coming out of his nose and covering his face.

5. Since the incident on April 17, Mr. Reese has not been able to breathe out of his right nostril, has been experiencing nose bleeds, and as a result has filed six grievances to which he has not received a response.

6. On April 21, Mr. Reese was notified that he had tested positive for COVID-19 and was taken to the Residential Treatment Unit ("RTU") in Division 8 of the Jail.

7. Social distancing is not possible in the RTU. The RTU is a dormitory setting where the beds are 3 feet apart and detainees share sinks, toilets and showers. Mr. Reese refused to be housed where he could not socially distance from other inmates, and he was placed in isolation in a single-man cell.

8. The cell in which Mr. Reese was placed was filthy. Mr. Reese informed correctional officers that his cell was covered in blood and feces from the previous detainees, and he was provided only a dry rag to clean his cell, no cleaning supplies.

9. On April 23, correctional officers pulled another detainee positive with COVID-19 from a cell in Division 8 and attempted to place this detainee in the cell with Mr. Reese. Mr. Reese laid on the floor of his cell to prevent the new detainee from entering. In response, 6 correctional officers slammed the cell door on Mr. Reese's hand.

10. Mr. Reese did not see a physician for his hand injury until receiving an x-ray on April 27. As of May 4, Mr. Reese is being treated in Cermak for COVID-19.

I am providing this hearsay declaration because of restrictions on visitors and contact with detainees in the Cook County Jail. I declare under penalty of perjury that the foregoing is true and correct.

| | |
|---|---|
| May 5, 2020 | /s/ Jason Hammond |
| Chicago, Illinois | Jason Hammond |

**Affidavit of Navjot Heer for Asa Houston**

My name is Navjot Heer. I am a Volunteer Investigator at the Chicago Community Bond Fund, assisting Plaintiffs' counsel in *Mays v. Dart*. On May 3, 2020, I spoke to Asa Houston, a detainee in the Cook County Jail, who provided me the following information.

1. Mr. Houston is 32 years old. He is being housed in Division 16 (DIV-16-BC-B4-AA-10). Mr. Houston has been in custody since May 26, 2018.

2. Mr. Houston tested positive for COVID-19 on March 30, 2020. After testing positive, he was moved to his current location in Division 16 where he is housed with 30 to 40 other detainees in a dorm setup. He indicates that many detainees are not told whether or not they have tested positive for coronavirus and that after testing they are simply placed in isolation.

3. Mr. Houston states that the toilets and showers are very crowded and that they are not cleaned regularly.

4. The detainees are not permitted to leave their bunk room, which is very crammed. The beds are no more than three feet apart.

5. After being told by Jail personnel that he is "healed," Mr. Houston continued to report issues with shortness of breath. All he was given was Tylenol. He states that he was told that they are not re-testing anyone.

I am providing this hearsay declaration because of restrictions on visitors and contact with detainees in the Cook County Jail. I declare under penalty of perjury that the foregoing is true and correct.

May 5, 2020                         /s/ Navjot Heer
Chicago, Illinois                        Navjot Heer

**Affidavit of Navjot Heer for Ricardo Hargrove**

My name is Navjot Heer. I am a Volunteer Investigator at the Chicago Community Bond Fund, assisting Plaintiffs' counsel in *Mays v. Dart*. On May 2, 2020, I spoke to Ricardo Hargrove, a detainee in the Cook County Jail, who provided me the following information.

1. Mr. Hargrove is 29 years old. He is currently placed in Division 11 of the Cook County Jail (DIV11-AB-112-1). He has been incarcerated since December 15, 2019. Mr. Hargrove has a preexisting kidney condition along with an irregular heartbeat and chest pains.

2. Mr. Hargrove resides in a cell by himself after being transferred from Division 8 where he was isolated for seven days. Mr. Hargrove was place in isolation even after he tested negative. He was told by fellow detainees that the person who previously occupied his cell had tested positive for coronavirus and that the cell had not been cleaned since. Mr. Hargrove was not provided with any cleaning supplies while he was in isolation.

3. Mr. Hargrove is forced to share a shower area with 24 other detainees in very close quarters. He has not seen anyone clean the shower area since he arrived.

4. Mr. Hargrove states that outside of his cell, social distancing is not possible and that a dozen detainees are allowed to congregate in close quarters in common areas, showers, and near the phones.

I am providing this hearsay declaration because of restrictions on visitors and contact with detainees in the Cook County Jail. I declare under penalty of perjury that the foregoing is true and correct.

May 5, 2020                            /s/ Navjot Heer
Chicago, Illinois                         Navjot Heer

**Affidavit of Navjot Heer for Thomas Breese**

My name is Navjot Heer. I am a Volunteer Investigator at the Chicago Community Bond Fund, assisting Plaintiffs' counsel in *Mays v. Dart*. On May 2, 2020, I spoke to Thomas Breese, a detainee in the Cook County Jail, who provided me the following information.

1. Mr. Breese is currently 50 years old. He is being housed in Division 8 (DIV8-3W-3213-2). He has been in custody since January 25, 2020, but has no pending charges in Illinois. Mr. Breese is awaiting extradition to Indiana.

2. Mr. Breese tested positive for coronavirus in April. He continues to be held in the same area now after he no longer feels sick.

3. While on quarantine, Mr. Breese has been housed with as many as 25 other people. As those detainees move in and out of quarantine, the cells and common areas are not cleaned.

4. Mr. Breese reports that there are four to five beds per room and that detainees are also forced to sleep on the floor.

5. Mr. Breese is forced to share a shower with other detainees which places them so close together that he is touching elbows with the person next to him.

6. Mr. Breese states that correctional officers have not provided him with cleaning equipment and that he has been told detainees are not permitted to clean.

I am providing this hearsay declaration because of restrictions on visitors and contact with detainees in the Cook County Jail. I declare under penalty of perjury that the foregoing is true and correct.

May 5, 2020                          /s/ Navjot Heer
Chicago, Illinois                     Navjot Heer