IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY MAYS, individually and on behalf of a class of similarly situated persons; and JUDIA JACKSON, as next friend of KENNETH FOSTER, individually and on behalf of a class of similarly situated persons, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 20 CV 2134 |
| v. | ) ) | Judge Robert W. Gettleman |
| THOMAS DART, | ) ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

On May 1, 2020, the International Brotherhood of Teamsters Local 700 (the "Union") filed a motion for leave to renew motion to intervene as of right or, in the alternative, for reconsideration (Doc. 82). The reason for reconsideration was this court's denial of the original motion to intervene because the Union had not submitted a proposed pleading with its first motion (Doc. 81). Because the Union has since done so, the court agrees that the motion to intervene should be decided on the merits, and therefore grants the motion to reconsider.

Plaintiffs have represented that they have no objection to the Union's motion to intervene. Defendant Thomas Dart, Sheriff of Cook County, has objected to the Union's motion, arguing that the Union has failed to specify the potential harm that might be caused to its members' rights granted by its Collective Bargaining Agreement and the terms of employment or employee health and welfare contained in that agreement. On the contrary, the Union has articulately explained that the relief sought by plaintiffs, if ultimately awarded, could have a direct impact on the safety and

welfare of the guards and staff at the Cook County Jail, as well as the investigators who are tasked with supervising any inmates who might be released, as sought by plaintiffs.

Although the court anticipates that many, if not most, of the Union's interests will be adequately represented by the Defendant, defendant has not raised that ground in support of his opposition to the Union's motion to intervene. There may well be issues that may arise in this complex and dynamic case in which the Union's members have interests separate from those of their employer. That is all that is required by Fed. R. Civ. P. 24(a)(2).

For these reasons, the Union's motion to intervene (Doc. 82) is granted.

**ENTER: June 2, 2020**

**Robert W. Gettleman**
**United States District Judge**