# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANTHONY MAYS, Individually and on behalf of a class of similarly situated persons; and JUDIA JACKSON, as next friend of KENNETH FOSTER, Individually and on behalf of a class of similarly situated persons,<br><br>    Plaintiffs-Petitioners,<br><br>    v.<br><br>THOMAS J. DART, Sheriff of Cook County,<br><br>    Defendant-Respondent. | Case No. 1:20-cv-2134<br><br>The Hon. Matthew F. Kennelly<br>Emergency Judge<br><br>The Hon. Robert Gettleman<br>Presiding Judge<br><br>The Hon. David Weisman<br>Magistrate Judge |

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
TO DEFENDANT SHERIFF THOMAS DART**

NOW COME the Plaintiffs, ANTHONY MAYS and JUDIA JACKSON, the next friend of KENNETH FOSTER, by their undersigned attorneys, and hereby propound the following First Set of Requests for Production to Defendant THOMAS DART pursuant to Federal Rule of Civil Procedure 34, to be answered on or before June 8, 2020.

**DEFINITIONS AND INSTRUCTIONS**

    1.    "Identify" with respect to a person, shall mean to provide that person's name, address, and telephone number; with respect to a Document, "identify" shall mean to provide the date of the Document, the author of the Document, the subject matter of the Document, and, where applicable, all recipients of the Document; with respect to a Communication, "identify" shall mean to provide the date of the Communication, the Person making the Communication, the subject matter of the Communication, and all Persons who received the Communication.

    2.    Any request for a Document is also a request to produce all iterations of that Document, including all earlier and all later versions of that Document.

    3.    If there are no Documents in your possession, custody, or control responsive to a particular request, please so state and identify the particular request for which you have no responsive Documents in your possession, custody, or control.

4. If any Documents responsive to Plaintiffs' discovery requests are known by you to exist but are not in your possession, custody, or control, please identify those Documents and the Person who has possession, custody, or control thereof.

6. In accordance with the ongoing duty of supplementation pursuant to Rule 26 and in light of the emergency and fast-moving nature of the facts relating to the Jail and its response to the pandemic, Plaintiffs specifically request supplementation of the responses to each of the requests below on a biweekly basis, to the extent new information has emerged, unless otherwise indicated.

## REQUESTS FOR PRODUCTION

**Discovery About COVID-19 Testing**

1. Documents sufficient to show daily updates on the number of people in the Jail who have been tested for COVID-19 (both staff and detainees), and the number of people who have tested negative and positive for COVID-19 (both staff and detainees). This request includes, but is not limited to, documents sufficient to show the number of tests provided to individuals residing in all tiers designated as being on quarantine, *see* Sheriff's Compliance Report ("Report"), Ex. K (Dkt. No. 84-12), between May 6 and the date of these requests, and the results of those tests. This response should be supplemented on a weekly basis through the close of fact discovery.

2. Documents sufficient to show the medical protocols and procedures governing COVID-19 testing in the Jail, including, but not limited to, how many testing kits are available as of the date of these requests, what symptoms result in a detainee being tested, when exposed individuals are tested and based on what metrics, whether asymptomatic detainees are ever tested and if so, when and based on what metrics, which pre-existing conditions entitle detainees to priority in testing (*see* Report at 3), and how the Jail determines that a detainee is "recovering," including, for instance, whether detainees are given tests to ensure their negative status.

**Discovery about Social Distancing and Vulnerability**

3. Documents identifying every person currently housed in the RTU (Division 8), and within Cermak Hospital. This list should include, at least, each person's name, age, booking

number, bond status/amount, housing location, and their medical designation, as used by the Sheriff in his Compliance Report filed on May 1 (*i.e.*, M3, M4, P3, and P4, *see* Report at 15-16). This response should be supplemented on a weekly basis through the close of fact discovery.

    4.    Documents sufficient to show updates to the Sheriff's Daily Bookings Report (Miller Decl., Ex. C. to Report, Ex. 2 (Dkt. No. 84-4), from May 1 to the date of these requests. This response should be supplemented on a weekly basis until the close of fact discovery.

    5.    Documents sufficient to show weekly updates to the Sheriff's Tier Occupancy Report (Ex. K, Dkt. No. 84-12), including:

        a.   A list of tier and occupancy information including but not limited to Division, Facility, Tier, Capacity, Occupancy, Percent Occupied, Tier Type, Quarantine/Isolation status, First Quarantine, and Projected Quarantine End Date; and

        b.   The location(s) (divisions and tiers) of people who are assigned to "PREA" housing in the Jail, as well as the capacity and occupancy information for those locations.

This response should be supplemented until the close of fact discovery.

    6.    For any detainee who the Sheriff claims is not subject to the Preliminary Injunction Order's prohibition on group housing (i.e., dormitory housing above 50% capacity) and double celling, please provide any and all documentation that exists in support of this contention, separately for each such detainee. This request includes anyone the Sheriff contends presents "a risk of suicide or self-harm," as well as anyone housed in a unit "equipped for medical or mental health treatment" AND where there is "not available space in an appropriate housing or medical unit that permits full social distancing." Preliminary Injunction Order (Dkt. No. 74) at 3. The requested documentation includes but may not be limited to each applicable detainee's current location (division and tier)

3

within the Jail, medical and Jail records sufficient to show why the detainee presents a risk of suicide or self-harm (*i.e.,* diagnosis information or information contained on a detainee's health "problem list"), and information sufficient to show that there is no available space in an appropriate housing or medical unit that would permit social distancing per the Court's Order. This response should be supplemented on a weekly basis through the close of fact discovery.

7. Closed Circuit (CCTV) footage of the following tiers, captured between 8 a.m. and 6 p.m. on May 28, 2020:

　　a. Division 10, 1C

　　b. Division 11, DF: Quarantine

　　c. Division 2, D3, EE

　　d. Division 4, N2

　　e. Division 5, 2B

　　f. Division 6, 1A: Quarantine

　　g. Division 8, 2N

　　h. Division 8, 2F (RTU): Quarantine

　　i. Division 8, 4H (RTU)

　　j. Division 8, 2S (Cermak)

　　k. Division 9, 2A

**Discovery about PPE and Sanitation**

8. Sanitation inspection logs for each tier and division in the Jail, from May 1 to the date of these requests. This response should be supplemented on a weekly basis until the close of fact discovery.

9. Document sufficient to show the provision of soap and/or hand santizer to all Jail detainees from May 1 to the date of these requests. This response should be supplemented on a weekly basis until the close of fact discovery.

10. Documents sufficient to show the CCSO's provision of facemasks from May 1 to the date of these requests to people in quarantine and to anyone who is not subject to the Court's prohibition on group housing and double celling, in accordance with the Preliminary Injunction Order. This response should be supplemented on a weekly basis until the close of fact discovery.

11. Documents sufficient to show the extent of the CCSO's inventories of facemasks so as to satisfy the facemask requirements in the Preliminary Injunction Order. These documents should be current as of the date of these requests and this response be supplemented on a weekly basis until the close of fact discovery.

**General Discovery**

12. Any written policies or procedures pertaining to the Jail's compliance with the Court's Preliminary Injunction Order, Dkt. No. 74, that have not previously been filed with the Court. This response should be supplemented as new policies and procedures are implemented through the close of fact discovery.

Respectfully submitted,

/s/ Alexa A. Van Brunt
Locke E. Bowman
Alexa A. Van Brunt
Roderick and Solange MacArthur Justice Center
Northwestern Pritzker School of Law
375 E. Chicago Avenue, Chicago, IL 60611
(312) 503-0884
l-bowman@law.northwestern.edu
a-vanbrunt@law.northwestern.edu

Stephen H. Weil

5

Sarah Grady
LOEVY & LOEVY
311 N. Aberdeen Street, #3
Chicago, IL 60607
Tel: 312-243-5900
Fax: 312-243-5902
weil@loevy.com
sarah@loevy.com

Charles Gerstein
Alec Karakatsanis
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
charlie@civilrightscorps.org
alec@civilrightscorps.org
202-894-6128

Steve Grimes
Thomas F. McAndrew
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
Tel: (312) 558-8317
SGrimes@winston.com
TMcAndrew@winston.com

**CERTIFICATE OF SERVICE**

I, Alexa Van Brunt, an attorney, hereby certify that on June 1, 2020, I caused a copy of the foregoing to be served electronically upon counsel who have filed appearances in the above-captioned matter.

/s/ Alexa A. Van Brunt
Alexa A. Van Brunt