**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| ANTHONY MAYS, Individually and on behalf of a class of similarly situated persons; and JUDIA JACKSON, as next friend of KENNETH FOSTER, Individually and on behalf of a class of similarly situated persons, | ) ) ) ) ) ) | |
| Plaintiffs-Petitioners, | ) ) | |
| v. | ) ) | Case No. 1:20-cv-2134 |
| THOMAS J. DART, Sheriff of Cook County, | ) ) ) | |
| Defendant-Respondent. | ) | The Hon. Robert Gettleman |

**PARTIES' JOINT MOTION TO EXTEND THE PRELIMINARY
INJUNCTION AND TO STAY DISCOVERY PENDING APPEAL**

Plaintiff, ANTHONY MAYS, Individually and on behalf of a class of similarly situated persons, and Plaintiff JUDIA JACKSON, as next friend of KENNETH FOSTER, Individually and on behalf of a class of similarly situated persons (collectively, "Plaintiffs"), by and through their attorneys at the RODERICK AND SOLANGE MACARTHUR JUSTICE CENTER, LOEVY & LOEVY, CIVIL RIGHTS CORPS, and WINSTON & STRAWN, LLP; and Defendant THOMAS J. DART ("Defendant"), by and through his attorneys at HINSHAW & CULBERTSON, LLP, hereby jointly move this Court to extend the duration of its Preliminary Injunction (Dkt. 74), subject to the order of the Seventh Circuit Court of Appeals staying social distancing requirements in housing areas, and to stay all discovery in the District Court until such time as the district court can take proper action following the return of the mandate to the district court from the Seventh Circuit, in the interest of efficiency and preserving the status quo. In support of their motion, the parties state as follows:

1.      Plaintiffs have brought this case for injunctive relief pursuant to 42 U.S.C. § 1983 on behalf of a class of all individuals detained at the Cook County Jail regarding the actions taken by the Sheriff in response to the coronavirus. Dkt. 1. In response, the Sheriff has maintained that his actions have been objectively reasonable. Dkt. 29, 41, 62.

2.      On April 9, 2020, the Court entered a temporary restraining order, directing the Sheriff to establish and implement policies regarding coronavirus testing, sanitation, and hygiene; to enforce social distancing during the new detainee intake process (and to suspend the use of bullpens at intake); and to provide masks to quarantined detainees. Dkt. 47 at 33-36 (detailing the contents of the required policies).

3.      On April 14, 2020, Plaintiffs moved for a preliminary injunction. Dkt. 55. On April 23, 2020, the Court conducted an evidentiary hearing on Plaintiffs' motion, and both sides presented additional evidence and live testimony. Dkt. 71.

4.      On April 27, 2020, the Court granted Plaintiffs' motion for a preliminary injunction in part. Dkt. 73. The Court entered a preliminary injunction directing the Sheriff to take certain actions regarding testing, social distancing, hygiene materials, sanitation, and facemasks. Dkt. 74. The Court found that its preliminary injunction was "narrowly drawn, extends no further than necessary, and is the least intrusive means necessary to address" the constitutional violation, the findings required under 18 U.S.C. § 3626(a)(1). *See* Dkt. 73 at 82.

5.      On May 11, 2020, the Sheriff filed a notice of appeal from the preliminary injunction order, which remains pending, and is currently being heard by the Seventh Circuit Court of Appeals on an expedited basis. The Sheriff's opening appellate brief is due July 10; Plaintiffs' response brief is due July 24; and the Sheriff's reply brief is due July 31. Oral argument has been scheduled for August 18, 2020. *Mays v. Dart*, 20-1792, Dkt. 29. The Sheriff joins this Motion

without waiver of his arguments regarding the propriety of the Court's findings and the entry of the preliminary injunction as set forth throughout the proceedings before this Court and now in the appellate court.

6. On June 19, 2020, the appellate court stayed that part of the injunction requiring the Sheriff to establish and put into effect a policy "precluding group housing or double celling of detained persons." Dkt. 127.

7. Because the Court did not set an end date for the preliminary injunction, *see* Dkt. 73 at 87, the Prison Litigation Reform Act ("PLRA") provides that the preliminary injunction will automatically expire 90 days after its entry—*i.e.*, by July 27, 2020—absent further action by the Court. *See* 18 U.S.C. § 3626(a)(2).

8. The parties agree that the Court previously made the findings required under subsection (a)(1) of the PLRA. *Id.* § 3626(a)(1). The parties further agree that this Court has authority and jurisdiction to extend the duration of the preliminary injunction pending resolution of the appeal. *See, e.g., Yates v. Collier*, 677 F. App'x 915, 918 (5th Cir. 2017) (finding that plaintiffs could have sought an extension of the preliminary injunction beyond the PLRA's 90-day expiration date in order to permit appellate review); *Ga. Advocacy Office v. Jackson*, 2020 WL 1883877, at *4-5 (N.D. Ga. Feb. 26, 2020) (finding that 18 U.S.C. § 3626(a)(2)'s requirement to make the order final "refers to finalizing the preliminary injunction by including the required findings so that the preliminary injunction may be extended beyond the 90-day period during the pendency of the action or until further order of the court").

9. The parties agree that should the circumstances warrant, the district court has jurisdiction to entertain a request by either party to modify the preliminary injunction. Fed. R. Civ. P. 62(d).

10.    The parties agree that, in the interests of judicial economy and in an effort to maintain the status quo for the duration of the appeal, the duration of the preliminary injunction entered by this Court on April 27, 2020, Dkt. 74, subject to the appellate court's partial stay order, should be extended until such time as the district court can take proper action following the return of the mandate to the district court from the Seventh Circuit, subject to further extension or modification. The parties expressly agree that the Seventh Circuit's order staying enforcement of the injunction's requirement to establish and implement a policy precluding group housing or double celling of detainees remains in effect as to that provision of the Preliminary Injunction if the Court grants the parties' joint motion. Dkt. 127.

11.    The parties also agree that discovery in the underlying case should be stayed until the pending appeal in this case is decided. Such an order, entered concurrently with the extension of the duration of the preliminary injunction, will ensure that the status quo is preserved and will further judicial economy by relieving the parties and the Court of the substantial burden of conducting discovery before significant legal issues are decided by the Seventh Circuit.

12.    Counsel for Plaintiffs and the Sheriff have consulted with counsel for the Intervenors, who reported that Intervenors, International Brotherhood of Teamsters Local 700, have no objection to this motion or the relief sought.

Wherefore, the parties jointly request that this Court enter an order extending the duration of the Preliminary Injunction (Dkt. 74), subject to further extension or modification and the appellate court's partial stay order, and staying all discovery, until such time as the district court can take proper action following the return of the mandate to the district court from the Seventh Circuit.

Respectfully submitted:

**PLAINTIFFS' COUNSEL**

/s/ Sarah Grady _____ _
Sarah C. Grady
Stephen H. Weil
LOEVY & LOEVY
311 N. Aberdeen Street, #3
Chicago, IL 60607
Tel: 312-243-5900
Fax:312-243-5902
weil@loevy.com
sarah@loevy.com

Locke E. Bowman
Alexa A. Van Brunt
MacArthur Justice Center
Northwestern Pritzker School of Law
375 E. Chicago Avenue, Chicago, IL 60611
Tel: 312-503-0884
l-bowman@law.northwestern.edu
a-vanbrunt@law.northwestern.edu

Charles Gerstein
Alec Karakatsanis
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
charlie@civilrightscorps.org
alec@civilrightscorps.org
Tel: 202-894-6128

Steve Grimes
Thomas F. McAndrew
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
Tel: (312) 558-8317
SGrimes@winston.com
TMcAndrew@winston.com

**DEFENDANT'S COUNSEL**

/s/ Robert Shannon _____ _
James Matthias Lydon
Hinshaw & Culbertson LLP
151 N. Franklin Street
Suite 2500
Chicago, IL 60606
(312) 704-3000
Email: jlydon@hinshawlaw.com

Robert Thomas Shannon
Hinshaw & Culbertson LLP
151 N. Franklin Street
Suite 2500
Chicago, IL 60606
(312) 704-3901
Email: rshannon@hinshawlaw.com

Adam Robert Vaught
Hinshaw & Culbertson LLP
151 N. Franklin Street
Suite 2500
Chicago, IL 60606
(312) 704-3584
Email: avaught@hinshawlaw.com

Gretchen Harris Sperry
Hinshaw & Culbertson LLP
151 N. Franklin Street
Suite 2500
Chicago, IL 60606
(312)704-3521
Email: gsperry@hinshawlaw.com

Lari Ann Dierks
Hinshaw & Culbertson LLP
151 N. Franklin Street
Suite 2500
Chicago, IL 60606
(312) 704-3254
Email: ldierks@hinshawlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I, Sarah Grady, an attorney, hereby certify that on July 7, 2020, I caused a copy of the foregoing Parties' Joint Motion to Extend the Preliminary Injunction and Stay Discovery to be filed via CM/ECF, which effected service on all counsel of record.


<u>/s/ Sarah Grady</u>
Sarah Grady
Attorney for Plaintiffs