IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ANTHONY MAYS, Individually and on behalf of a class of similarly situated persons; and JUDIA JACKSON, as next friend of KENNETH FOSTER, Individually and on behalf of a class of similarly situated persons,<br><br>  Plaintiffs-Petitioners,<br><br>  v.<br><br>THOMAS J. DART, Sheriff of Cook County,<br><br>  Defendant-Respondent. | Case No. 1:20-cv-2134<br><br>The Hon. Robert Gettleman |

**PARTIES' JOINT MOTION TO EXTEND THE PRELIMINARY INJUNCTION AND TO STAY DISCOVERY PENDING PETITION FOR CERTIORARI**

Plaintiff, ANTHONY MAYS, Individually and on behalf of a class of similarly situated persons, and Plaintiff JUDIA JACKSON, as next friend of KENNETH FOSTER, Individually and on behalf of a class of similarly situated persons (collectively, "Plaintiffs"), by and through their attorneys at the RODERICK AND SOLANGE MACARTHUR JUSTICE CENTER, LOEVY & LOEVY, CIVIL RIGHTS CORPS, and WINSTON & STRAWN, LLP; and Defendant THOMAS J. DART ("Defendant"), by and through his attorneys at HINSHAW & CULBERTSON, LLP, hereby jointly move this Court to extend the duration of its Preliminary Injunction (Dkt. 74), subject to the order of the Seventh Circuit Court of Appeals vacating the social distancing requirements in housing areas, and to stay all discovery in the District Court pending the resolution of Defendant Dart's Petition for a Writ of Certiorari in the United States Supreme Court, in the interest of efficiency and preserving the status quo. In support of their motion, the parties state as follows:

1. Plaintiffs brought this case for injunctive relief pursuant to 42 U.S.C. § 1983 on behalf of a class of all individuals detained at the Cook County Jail regarding the actions taken by the Sheriff in response to the coronavirus. Dkt. 1. In response, the Sheriff maintained that his actions have been objectively reasonable. Dkt. 29, 41, 62.

2. On April 9, 2020, the Court entered a temporary restraining order, directing the Sheriff to establish and implement policies regarding coronavirus testing, sanitation, and hygiene; to enforce social distancing during the new detainee intake process (and to suspend the use of bullpens at intake); and to provide masks to quarantined detainees. Dkt. 47 at 33-36 (detailing the contents of the required policies).

3. On April 14, 2020, Plaintiffs moved for a preliminary injunction. Dkt. 55. On April 23, 2020, the Court conducted an evidentiary hearing on Plaintiffs' motion, and both sides presented additional evidence and live testimony. Dkt. 71.

4. On April 27, 2020, the Court granted Plaintiffs' motion for a preliminary injunction in part. Dkt. 73. The Court entered a preliminary injunction directing the Sheriff to maintain certain actions regarding testing, social distancing, hygiene materials, sanitation, and facemasks. Dkt. 74. The Court found that its preliminary injunction was "narrowly drawn, extends no further than necessary, and is the least intrusive means necessary to address" the constitutional violation, the findings required under 18 U.S.C. § 3626(a)(1). *See* Dkt. 73 at 82.

5. On May 11, 2020, the Sheriff filed a notice of appeal from the preliminary injunction order which was heard by the Seventh Circuit Court of Appeals on an expedited basis.

6. On September 8, 2020, the Seventh Circuit issued its decision reversing in part and vacating the portion of the preliminary injunction precluding double celling and group housing

based on the district court's failure to consider the Sheriff's conduct in its totality. App. Dkt. 65. The Seventh Circuit affirmed the remainder of the preliminary injunction ruling. *Id.*

7. Defendant Dart intends to seek certiorari from the United States Supreme Court with regard to the Seventh Circuit's decision. Defendant Dart agrees that he will file the petition for certiorari no later than January 15, 2021. The Sheriff joins this Motion without waiver of his arguments regarding the propriety of the Court's findings and the entry of the preliminary injunction as set forth throughout the proceedings before this Court and the appellate court.

8. The parties agree that the Court previously made the findings required under subsection (a)(1) of the PLRA. *Id.* § 3626(a)(1). The parties further agree that this Court has jurisdiction to extend the duration of the preliminary injunction pending resolution of the appeal. *See, e.g., Yates v. Collier*, 677 F. App'x 915, 918 (5th Cir. 2017) (finding that plaintiffs could have sought an extension of the preliminary injunction beyond the PLRA's 90-day expiration date in order to permit appellate review); *Ga. Advocacy Office v. Jackson*, 2020 WL 1883877, at *4-5 (N.D. Ga. Feb. 26, 2020) (finding that 18 U.S.C. § 3626(a)(2)'s requirement to make the order final "refers to finalizing the preliminary injunction by including the required findings so that the preliminary injunction may be extended beyond the 90-day period during the pendency of the action or until further order of the court").

9. The parties agree that should the circumstances warrant, the district court has jurisdiction to entertain a request by either party to modify or vacate the preliminary injunction. Fed. R. Civ. P. 62(d). However, to date, plaintiffs have not presented the court with any claim that the preliminary injunction has been violated and, as such, there are no such claims pending before the court.

10. The parties agree that, in the interests of judicial economy and in an effort to maintain the status quo, the duration of the preliminary injunction entered by this Court on April 27, 2020, Dkt. 74, subject to the appellate court's September 8, 2020 Order, should be extended until the resolution of Defendant Dart's Petition for a Writ of Certiorari, subject to further extension or modification. The parties expressly agree that the Seventh Circuit's September 8, 2020 Order vacating the social distancing in housing requirement has eliminated that provision of the Preliminary Injunction if the Court grants the parties' joint motion. Dkt. 127.

11. The parties also agree that discovery in the underlying case should be stayed until resolution of Defendant Dart's Petition for a Writ of Certiorari. Such an order, entered concurrently with the extension of the duration of the preliminary injunction, will ensure that the status quo is preserved and will further judicial economy by relieving the parties and the Court of the substantial burden of conducting discovery before significant legal issues are potentially decided by the United States Supreme Court.

12. In the interest of judicial economy, Defendant Dart agrees to provide Plaintiffs the following documentation during the pendency of this stay of discovery:

　　a. Once a week, a tier population report, provided pursuant to the protective orders entered in this matter (Dkt. 125; 126).

　　b. Once a week, the number of tests administered to detainees within the Cook County Jail; the number of positive detainees; and the test positivity rate for all tests administered by Cermak Health Services, provided pursuant to the protective orders entered in this matter (Dkt. 125; 126). Defendant Dart does not have direct access to this data because all tests are administered by Cermak Health Services. Defendant Dart will provide this data as long as Cermak Health Services provides

the underlying data to the Sheriff's Office. The positivity rate is calculated by the Sheriff's Office based on the raw testing data provided to the Office by Cermak Health Services.

c. Once a week, the number of surgical masks the Sheriff's Office currently has on hand and how many surgical masks have been distributed that week.

d. Upon the request of counsel for the Plaintiffs, which may be made at 10 day intervals, the Sheriff will promptly provide Plaintiffs with the recorded surveillance feeds of all video cameras covering a tier or single living unit of a dorm identified by random means for up to two hours (hours to be identified by Plaintiff) on the date immediately prior to the date of the request. The parties agree that the video provided pursuant to any such request may be designated confidential/attorneys' eyes only pursuant to the protective order.

e. If the COVID-19 data publicly available on cookcountysheriff.org as of November 30, 2020, ceases to be available publicly, upon request Defendant Dart will provide the information currently available on that website to Plaintiffs daily, pursuant to the protective orders entered in this matter (Dkt. 125; 126). This information includes: the number of detainees who are currently positive for COVID-19; the number of detainees who are no longer positive and are currently recovering from COVID-19; and the number of COVID-19 hospitalizations.

f. Without specific request by Plaintiff's counsel, the Sheriff will inform counsel for the Plaintiffs of the plan for distribution of coronavirus vaccines to staff and detainees within the Jail immediately after such plan is formulated. Thereafter,

upon request of counsel for the Plaintiff, the Sheriff will provide Plaintiff with updates as to the execution of the plan.

Wherefore, the parties jointly request that this Court enter an order extending the duration of the Preliminary Injunction (Dkt. 74), subject to further extension, modification or vacation, and subject to the appellate court's September 8, 2020 Order, and staying all discovery, pending resolution of Defendant Dart's Petition for a Writ of Certiorari.

Respectfully submitted:

**PLAINTIFFS' COUNSEL**

/s/ *Sarah C. Grady*
Sarah C. Grady
Stephen H. Weil
LOEVY & LOEVY
311 N. Aberdeen Street, #3
Chicago, IL 60607
Tel: 312-243-5900
Fax:312-243-5902
weil@loevy.com
sarah@loevy.com

Locke E. Bowman
Alexa A. Van Brunt
MacArthur Justice Center
Northwestern Pritzker School of Law
375 E. Chicago Avenue, Chicago, IL 60611
Tel: 312-503-0884
l-bowman@law.northwestern.edu
a-vanbrunt@law.northwestern.edu

Charles Gerstein
Alec Karakatsanis
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
charlie@civilrightscorps.org
alec@civilrightscorps.org
Tel: 202-894-6128

Steve Grimes
Thomas F. McAndrew
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
Tel: (312) 558-8317
SGrimes@winston.com
TMcAndrew@winston.com

**DEFENDANT'S COUNSEL**

/s/ *James M. Lydon*
James Matthias Lydon
Hinshaw & Culbertson LLP
151 N. Franklin Street
Suite 2500
Chicago, IL 60606
(312) 704-3000
Email: jlydon@hinshawlaw.com

Robert Thomas Shannon
Hinshaw & Culbertson LLP
151 N. Franklin Street
Suite 2500
Chicago, IL 60606
(312) 704-3901
Email: rshannon@hinshawlaw.com

Adam Robert Vaught
Hinshaw & Culbertson LLP
151 N. Franklin Street
Suite 2500
Chicago, IL 60606
(312) 704-3584
Email: avaught@hinshawlaw.com

Gretchen Harris Sperry
Hinshaw & Culbertson LLP
151 N. Franklin Street
Suite 2500
Chicago, IL 60606
(312)704-3521
Email: gsperry@hinshawlaw.com

1030311\307326773.v1