IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY MAYS, Individually and on behalf of a class of similarly situated persons; and JUDIA JACKSON, as next friend of KENNETH FOSTER, Individually and on behalf of a class of similarly situated persons,<br><br>    Plaintiffs-Petitioners,<br><br>    v.<br><br>THOMAS J. DART, Sheriff of Cook County,<br><br>    Defendant-Respondent. | Case No. 20 C 2134<br><br>Hon. Robert W. Gettleman, Judge |

## **AGREED ORDER**

The Court has received the Parties' Joint Motion for Entry of Order Extending the Preliminary Injunction (Dkt. 187). Having considered the Joint Motion and the record in this case, the Court makes the following findings:

1. Plaintiffs brought this case pursuant to 42 U.S.C. § 1983 for injunctive relief on behalf of a class of individuals detained at the Cook County Jail regarding the Sheriff's response to the coronavirus. Dkt. 1. In response, the Sheriff maintained that his actions have been objectively reasonable. Dkt. 29, 41, 62.

2. On April 27, 2020, the Court granted Plaintiffs' motion for a preliminary injunction in part, directing the Sheriff to take certain actions regarding testing, social distancing, hygiene materials, sanitation, and facemasks. Dkt. 73. In granting the motion, the Court found that the injunctive relief it had ordered satisfied the criteria for preliminary injunction required under 18 U.S.C. § 3626(a)(1). Dkt. 73 at 84.

3. Following the Sheriff's appeal, the Seventh Circuit reversed and vacated the portion of the preliminary injunction precluding double celling and group housing, and affirmed the remainder of the preliminary injunction ruling. *Mays v. Dart*, 974 F.3d 810 (7th Cir. 2020). On October 4, 2021, the Supreme Court denied the Sheriff's petition for a writ of certiorari regarding that appeal. *Dart v. Mays*, No. 20-990.

4. The Prison Litigation Reform Act ("PLRA") provides that a preliminary injunction will expire 90 days after its entry absent further action by the Court. *See* 18 U.S.C. § 3626(a)(2). The Court previously extended the preliminary injunction, pursuant to the parties' joint request, on July 9, 2020 and January 19, 2021. Dkt. 141; Dkt. 167.

5. The Court finds that it has authority and jurisdiction to extend the duration of the preliminary injunction.

6. Having considered the Joint Motion and the record in this case, the Court finds that the Court's April 27, 2020 preliminary injunction order, as modified by the Seventh Circuit's September 8, 2020 order on appeal, should be extended through February 18, 2022. Pursuant to 18 U.S.C. § 3626(a)(1), the Court finds that this extension is narrowly drawn, extends no further than necessary, and is the least intrusive means necessary to address the constitutional violations alleged in this case. The Court therefore **ORDERS** that its April 27, 2020 preliminary injunction order be so extended.

Dated: **December 10, 2021**

United States District Court Judge
Robert W. Gettleman

2