IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY MAYS, *et al.*, | ) | Case No. 20 C 2134 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Hon. M. David Weisman, M.J. |
| | ) | |
| THOMAS J. DART, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT MOTION TO APPROVE SETTLEMENT**

Pursuant to the Court's July 25, 2023 Order (ECF No. 291) the parties, through their undersigned counsel, respectfully submit this joint motion to approve settlement of the above-captioned matter.[1] A proposed class notice is attached hereto as **Exhibit 1**. In support of their joint motion, the parties state:

**BACKGROUND**

1. On April 3, 2020, Plaintiffs filed this suit as a putative class action against Sheriff Thomas J. Dart, in his official capacity as Cook County Sheriff, alleging violations of their constitutional rights based on Defendant's response to COVID-19 in the Cook County Jail and moving for a temporary restraining order ("TRO") and a preliminary injunction on behalf of a class of litigants ("Litigation").

2. Plaintiffs additionally moved to certify a class of all people who were housed or who would in the future be housed in the Cook County Jail for the duration of the COVID-19 pandemic, regarding the Cook County Sheriff's Office's response to the pandemic. *See* ECF No.

---

[1] The parties apologize to the Court for this tardy filing, which was the product of a miscommunication among counsel.

6. Plaintiffs also moved to certify two additional subclasses—Subclass A consisted of all people who, because of age or previous medical conditions, are at particularly grave risk of harm from COVID-19, while Subclass B consisted of all people currently housed on a tier where someone tested positive for coronavirus. The class and two subclasses are collectively referred to as "Proposed Class."

3. On April 9, 2020, Judge Matthew Kennelly, in his capacity as Emergency Judge, and after an extended hearing on the motion for a TRO, granted in part and denied in part Plaintiffs' motion for a TRO requiring the Defendant to take certain actions in response to COVID-19, while denying Plaintiffs' request for class-wide habeas corpus relief. ECF No. 47.

4. On April 27, 2020, Judge Kennelly granted in part and denied in part Plaintiffs' request to convert the TRO of April 9, 2020 to a preliminary injunction with certain additional relief, and again denied Plaintiffs' request for class-wide habeas corpus relief. ECF Nos. 73, 74. In issuing the preliminary injunction, Judge Kennelly conditionally certified the Proposed Class. ECF No. 73 at 48-52.

5. On May 11, 2020, the Cook County Sheriff's Office filed a notice of appeal regarding the district court's preliminary injunction order.

6. On June 19, 2020, the United States Court of Appeals for the Seventh Circuit stayed a portion of the district court's April 27, 2020 preliminary injunction. On September 8, 2020, the Seventh Circuit affirmed in part and reversed in part the district court's preliminary injunction. *Mays v. Dart*, 974 F.3d 810 (7th Cir. 2020).

7. The Sheriff's Office then filed a petition for writ of certiorari before the United States Supreme Court, seeking review of the Seventh Circuit's decision of September 8, 2020.

While the petition was pending, the parties agreed to extend those portions of the April 27, 2020 preliminary injunction that had been affirmed in the Seventh Circuit's September 8, 2020 ruling.

8. On October 4, 2021, the Supreme Court of the United States denied the Sheriff's Office's petition for a writ of certiorari to review the Seventh Circuit's decision of September 8, 2020.

9. Between October 2021 and May 2022, the parties held multiple conferences regarding discovery, dispositive motion practice, and of the preliminary injunction, as well as the potential for settlement of the Litigation.

10. On May 2022, the Parties engaged in settlement discussions, with participation from Cook County Health, which operates Cermak Health Services ("Cermak"), the medical provider for the Cook County Jail.

11. Beginning in January 2023, the Parties and Cermak participated in multiple settlement conferences with Magistrate Judge M. David Weisman, culminating in a settlement in principle on March 20, 2023.

12. Subsequent to this settlement in principle the Parties, after consulting with their counsel, concluded that it would be in their best interests to fully and completely resolve all class-wide disputes between them without the burden, expense, and inconvenience of further litigation or the trial process.

**SETTLEMENT TERMS**

13. As the Court is aware, the parties' settlement includes **Policy Modifications** and **Payment of Attorney Fees**. The parties' agreement contemplates that the settlement will be a complete resolution of the Litigation, and that the April 27, 2020 preliminary injunction (ECF No. 74), as modified by the Seventh Circuit, will be dissolved upon the final approval of the settlement. For policy modifications, Cermak agreed to modify Policy B-02.6 related to

COVID-19 and the Sheriff's Office agreed to modify Policy 1603 relating to its COVID-19 procedures. Plaintiffs also agreed to accept a monetary payment to satisfy all attorney's fees, costs, expert-witness fees and costs, and any other financial obligation incurred by Plaintiffs, the Proposed Class, and their counsel in prosecuting this Litigation. Both entities' policy modifications, as well as the attorney's fees, are the product of an arms-length negotiation between the parties and Cermak with the Court's assistance.

14. By resolving this matter, the Parties intend to resolve all pending claims class-wide arising out of this Litigation. The Parties acknowledge the existing preliminary injunction, in effect since April 27, 2020, will be dissolved upon the filing of the Parties' stipulation of dismissal.

## LEGAL STANDARD

"There is . . . a strong judicial policy in favor of class action settlement." 4 Newberg and Rubenstein on Class Actions § 13:1 (6th ed.) (quotation omitted). *Accord Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996) ("Federal courts naturally favor the settlement of class action litigation."). Under Rule 23(e), a class action settlement that is binding on absent class members requires court approval. *See In re Motorola Sec. Litig.*, 644 F.3d 511, 518 (7th Cir. 2011). This court approval is a two-step process: (1) preliminary approval of the settlement, and (2) final determination that the settlement is fair, reasonable, and adequate after a notice period. *See Armstrong v. Bd. of Sch. Directors of City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980), overruled on other grounds by *Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998).

To grant preliminary approval, the court determines whether the class is proper for settlement purposes, and, if so, preliminarily certifies the class for that purpose. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). To support class certification, a court must

find each of Rule 23(a)'s four requirements has been satisfied: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. In addition to these requirements, "parties seeking class certification must show that the action is maintainable under Rule 23(b)(1), (2), or (3)." *Id*. at 614.

For purposes of this joint motion, and without waiver of any defenses or acceptance of liability, the Parties stipulate that the proposed class meets the requirements of Rule 23(b)(2), which "permits class actions for declaratory or injunctive relief where 'the party opposing the class has acted or refused to act on grounds generally applicable to the class.'" *Id*. (quoting Rule 23(b)(2)). *See Amchem Prods.*, 521 U.S. at 614 ("Rule 23(b)(2) permits class actions for declaratory or injunctive relief where 'the party opposing the class has acted or refused to act on grounds generally applicable to the class.' Civil rights cases against parties charged with unlawful, class-based discrimination are prime examples.").

When deciding whether to grant preliminary approval, the court determines whether the proposed settlement warrants consideration by members of the class and a later, full examination by the court at a final approval hearing. *See* Fed. R. Civ. P. 23(e). Preliminary approval merely requires the Court to determine whether the settlement falls "within the range of possible approval." *Armstrong*, 616 F.2d at 314. The proposed Settlement Class and Agreement satisfy these requirements.

## ANALYSIS

Rule 23(a) and Rule 23(b)(2) set forth four requirements for certifying an injunctive class. Under Rule 23(a), the four prerequisites for class certification are numerosity, commonality, typicality, and adequate representation. *Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1025 (7th Cir. 2018). "Once these four prerequisites are satisfied, the potential class must

also satisfy at least one provision of Rule 23(b)." *Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir. 1992).

Plaintiffs filed their class action complaint on behalf of a class consisting of "all people who are currently or who will in the future be housed in the Cook County Jail for the duration of the COVID-19 pandemic." ECF No. 1 ¶ 60. The Court provisionally certified this class (as well as two subclasses) in its April 9, 2020 TRO decision. ECF No. 47 at 6-9. The parties stipulate that, for purposes of settlement and without waiver of any defenses, the Court's TRO class certification analysis is equally applicable to a class of "**all people who are currently or who will in the future be housed in the Cook County Jail**." The parties quote from the relevant portions:

> **A. The proposed class provisionally certified by the Court meets the requirements of Rule 23(a) and Rule 23(b)(2).**

For the purposes of this joint motion to approve settlement the parties, while reserving their rights, stipulate that the proposed settlement class satisfies the requirements of Rule 23(a) and Rule 23(b)(2). The parties draw from the class certification analysis set forth in the Court's April 9, 2020 TRO opinion, ECF No. 47.

> **1. The proposed class meets the numerosity requirement.**

The Court's April 9, 2020 Order stated:

> As for the first prerequisite, numerosity, there is "no magic number" that is regarded as sufficient, but forty is generally accepted as sufficient to satisfy Rule 23(a). *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 859 (7th Cir. 2017). It is undisputed that there are over 4,000 detainees in the Jail . . . .

ECF No. 47 at 7. The April 9 Order held that classes within the Jail satisfied the numerosity requirement. *Id.* The parties stipulate for purposes of this settlement that the proposed class

satisfies the requirement as well, since at any one time there are thousands of people housed at the Cook County Jail.

### 2. The proposed class meets the commonality requirement.

The April 9 Order held that the commonality requirement had been satisfied, noting:

> Commonality requires at least one question common to all the class members, the answer to which is "apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). [The class] claims turn on a common question of whether detainees are facing an unconstitutional risk of harm to their health due to conditions [arising from the COVID-19] in the Jail . . . .

ECF No. 47 at 8. For purposes of this settlement, the parties likewise stipulate that the commonality requirement is satisfied, in that there is a common question of whether the proposed settlement terms provide appropriate protection for the class members going forward, considering the current state and prevalence of the COVID-19 coronavirus.

### 3. The proposed class representatives meet the typicality requirement.

The Court's April 9 Order noted that "a named plaintiff's claims are typical if they 'arise[] from the same event or practice or course of conduct that gives rise to the claims of other class members and [are] based on the same legal theory.'" ECF No. 47 at 8 (quoting *Lacy v. Cook County*, 897 F.3d 847, 866 (7th Cir. 2018)). The Court held that "[t]he claims of the named plaintiffs here are typical of the class, because the named plaintiff and the members of the class all contend that they face a serious risk of contracting coronavirus due to the Jail's allegedly deficient living conditions and precautions, and they and the class seek the same relief." *Id.*

For purposes of this settlement, the parties stipulate that the typicality requirements are met in the settlement context, as the proposed settlement affords class-wide relief equally applicable to all members of the proposed class.

4. **The proposed class representatives and proposed class counsel meet the adequacy requirement.**

The Court's April 9 Order held that the adequacy requirement was satisfied, as the class representatives "share[] an interest with the [absent class] members . . . in relief from jail conditions that [Plaintiffs] allege have put them at risk" from the coronavirus. ECF No. 47 at 9. For purposes of this settlement, the parties stipulate that this requirement is met here as well, as the interests of the class representatives and the absent class members are aligned with respect to the impact of COVID-19 on people housed in the Cook County Jail. The parties further respectfully submit that class counsel are adequate representatives.

5. **The proposed class meets the requirements of Rule 23(b)(2).**

In its April 9 Order, the Court held that Rule 23(b)(2) certification was appropriate, observing that:

> Rule 23(b)(2) permits class actions if "the party opposing the class has acted or refused to act on grounds that apply generally to the class," so that injunctive or declaratory relief is appropriate for the class as a whole. The plaintiffs satisfy this requirement because they seek "the same . . . injunctive relief for everyone" in the class and in each subclass. *See Chi. Teachers Union, Local No. 1 v. Bd. of Educ. of Chi.*, 797 F.3d 426, 442 (7th Cir. 2015).

ECF No. 47 at 9. For purposes of this settlement, the parties stipulate that Rule 23(b)(2) is satisfied, as the settlement relief submitted for settlement approval would apply to all class members equally.

For these reasons, the parties stipulate for purposes of settlement that the proposed settlement class should be certified under Rule 23(b)(2).

B. **The proposed settlement falls well within the range of possible approval.**

"District court review of a class action settlement proposal is a two-step process. The first step is a preliminary, pre-notification hearing to determine whether the proposed settlement

is 'within the range of possible approval.' This hearing is not a fairness hearing; its purpose, rather, is to ascertain whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing." *Armstrong*, 616 F.2d at 314. With respect to the first, preliminary step, "[i]f the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval, then the court should direct that the notice be given to the class members of a formal fairness hearing." *Manual for Complex Litigation, Second* § 30.44 (1985).

The parties respectfully submit that the preliminary requirements for notice are satisfied in this case. As the Court is well aware, the proposed settlement is the result of months of hard-fought, arms-length negotiations between Plaintiffs and Defendants. Prior to these negotiations, Plaintiffs vigorously litigated their case, moved for multiple injunctions, and appeared before the Court on numerous occasions. Defendant Dart denied and continues to deny liability altogether and litigated with equal vigor. Recognizing the changing nature of the pandemic, and the difficult legal and factual issues raised by this case, counsel for both parties engaged in months of negotiations, passed multiple settlement drafts, and sought and received multiple extensions from this Court, and ultimately conducted an arms-length mediation, in which this Court participated, before finally reaching the agreement that is now before this Court.

Furthermore, the parties submit that the proposed settlement falls within the range of possible approval on the merits. While the parties remain in disagreement about the merits of this Litigation, it is beyond dispute that *(a)* at the time this case was filed, the COVID-19 pandemic posed a serious and urgent danger to the general public and people housed in the Cook

County Jail alike, and that *(b)* that while COVID-19 remains a transmissible infection, the public danger it originally posed has since dissipated, and the pandemic has ended.

In light of the changed nature of the COVID-19 pandemic, the proposed settlement offers real, substantive relief. The agreed changes to **Cermak Policy B-02.6** and **Cook County Sheriff's Office Policy 1603** address both entities' response to COVID-19 should the virus re-emerge as a serious public health threat.

The agreed-upon attorney fees, meanwhile, offer compensation, negotiated at arm's length, for the considerable expenses incurred by Plaintiff counsel who, as the Court is aware, devoted hundreds of hours and made expert expenditures to the prosecution of this case and the protection of the class.

### A. The proposed notice form and notice plan is appropriate.

The parties respectfully submit that the proposed notice form, attached hereto as **Exhibit 1**, is appropriate. As the Court's July 25, 2023 Order contemplates, the proposed notice will be posted throughout the Jail for a 45-day period. ECF No. 291.

The parties respectfully submit that the content of the proposed notice form is appropriate. The form explains the basis of the lawsuit, the contours of the settlement class, the relief to which the settlement class members are entitled, and the rights of the settlement class members (including the right to object). The notice also provides contact information for Plaintiffs' counsel in the event a class member has questions about the settlement. The proposed notice form and plan each satisfy Rule 23(c)(2) and Rule 23(e)(1)'s elements for effecting class notice.

The parties do seek the Court's guidance with respect to one aspect of notice: the Sheriff's Office believes publication of notice should be made in the Chicago Tribune and

Chicago Sun-Times, as newspapers of record for Cook County, Illinois. Plaintiffs question the need for this additional notice, given the definition of the class. The parties seek guidance from the Court regarding whether this additional form of notice is called for in this case.

## CONCLUSION

For the foregoing reasons, the parties jointly and respectfully submit that the proposed settlement is within the range of possible approval, and that the proposed notice should be published to the class.

Date: September 14, 2023                                         Respectfully submitted:

**PLAINTIFFS' COUNSEL**                              **DEFENDANT'S COUNSEL**

/s/ Locke Bowman                                              /s/ Robert T. Shannon
Locke E. Bowman                                               Robert T. Shannon
Stephen H. Weil                                               James M. Lydon
LOEVY & LOEVY                                                 Stephen D. Mehr
311 N. Aberdeen Street, #3                                    Hinshaw & Culbertson LLP
Chicago, IL 60607                                             151 N. Franklin Street
Tel: 312-243-5900                                             Suite 2500
Fax:312-243-5902                                              Chicago, IL 60606
bowman@loevy.com                                              (312) 704-3000

Alexa A. Van Brunt
MacArthur Justice Center
Northwestern Pritzker School of Law
375 E. Chicago Avenue, Chicago, IL 60611
Tel: 312-503-0884

Alec Karakatsanis
Civil Rights Corps
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Steve Grimes

Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
Tel: (312) 558-8317