# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANTHONY MAYS, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>)<br>THOMAS J. DART, Sheriff of Cook )<br>County, )<br>)<br>Defendant. ) | Case No. 20 C 2134<br><br>Magistrate Judge M. David Weisman |

## ORDER

The case is before the Court on the parties' joint motion for final approval of class settlement. *See* Fed. R. Civ. P. 23(e) ("The claims, issues, or defenses of a certified class--or a class proposed to be certified for purposes of settlement--may be settled, voluntarily dismissed, or compromised only with the court's approval."). "Approval requires final certification of the class for settlement and a finding that the settlement is 'fair, reasonable, and adequate.'" *In re Nat'l Collegiate Athletic Ass'n Student-Athlete Concussion Inj. Litig.*, 332 F.R.D. 202, 214 (N.D. Ill. 2019) (quoting Fed. R. Civ. P. 23(e)(1)), *aff'd sub nom. Walker v. Nat'l Collegiate Athletic Ass'n*, No. 19-2638, 2019 WL 8058082 (7th Cir. Oct. 25, 2019).

The parties seek to certify a class of "all people who are currently or who will in the future be housed in Cook County Jail." (ECF 298 at 6) (emphasis omitted). The Court can certify this class only if it meets the requirements of Rule 23(a), *i.e.*, numerosity, commonality, typicality, and adequacy of representation, and one of the requirements of Rule 23(b), in this case, that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. Civ. P. 23(b)(2). The parties stipulate that, "for purposes of settlement and without waiver of any defenses, [Judge Kennelly's] TRO class certification analysis is equally applicable to [the] class" at issue here. (*See* ECF 298 at 6). Judge Kennelly found that the TRO class met all of the requirements of Rule 23(a) as well as the requirement of Rule 23(b)(2), because the class members "seek 'the same . . . injunctive relief for everyone' in the class." (ECF 47 at 6-9 (quoting *Chi. Teachers Union, Local No. 1 v. Bd. of Educ. of Chi.*, 797 F.3d 426, 442 (7th Cir. 2015)).) The Court agrees with and incorporates Judge Kennelly's analysis and certifies a class of all people who are currently or who will in the future be housed in the Cook County Jail.

The next step is to determine whether the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2)(A). In making this determination, the Court considers: "'(1) the strength of the case for plaintiffs on the merits, balanced against the extent of settlement offer; (2) the

complexity, length, and expense of further litigation; (3) the amount of opposition to the settlement; (4) the reaction of members of the class to the settlement; (5) the opinion of competent counsel; and (6) stage of the proceedings and the amount of discovery completed.'" *Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014) (quoting *Gautreaux v. Pierce*, 690 F.2d 616, 631 (7th Cir. 1982)).

These factors weigh in favor of approving the settlement. Plaintiffs' claims for deprivation of reasonably safe living conditions have sufficient merit that Judge Kennelly, in large measure, granted plaintiffs' motions for a TRO and PI on the claims. (*See* ECF 47 at 16-33; ECF 73 at 63-68, 84-87.) The settlement was the result of arms-length negotiations between the parties, often with the assistance of the Court. As part of the proposed settlement, defendant amended policies for the Jail and its on-site medical provider, Cermak Health Services, regarding outbreak prevention and treatment of incarcerated individuals with COVID-19 symptoms. (*See* ECF 323-1, 324-1.) In addition, defendant has agreed to pay all attorney's fees, costs, and any other financial obligation incurred by plaintiffs, the class, and their counsel in prosecuting this case. Continuing this litigation to summary judgment and/or trial would be a time consuming and expensive endeavor, requiring testimony of, inter alia, incarcerated individuals and experts in public health, COVID-19 management, and jail administration, because the parties conducted only limited discovery for the PI hearing. The Court received several letters in support of the settlement from class members and no objections. Finally, the parties are represented by competent counsel, who believe the settlement is reasonable.

In sum, the proposed class meets all of the requirements of Rule 23(a) and Rule 23(b)(2). Thus, the Court certifies it. Further, the Court finds that the settlement is fair, reasonable, and adequate. Therefore, the Court grants the parties' joint motion to approve settlement [ECF 298].

**SO ORDERED.**                    **ENTERED:**

**DATED: March 27, 2024**

**M. David Weisman**
**United States Magistrate Judge**